Lipscomb, J.
The first assignment of error is the District Court erred in overruling the said Thomas’s motion to strike out defendant Young’s amended plea filed the 4th of October, 1845, for the causes shown in the said motion and plea.
In the discussion of this assignment the counsel for the plaintiff in error presented two objections to the correctness of the decision of the court below in overruling his motion to strike out the amended answer of the plaintiff. The first went to the time and manner of filing the pleas. He contends that the amendment was a nullity because not filed by leave of the court first had and obtained. There is no question that such amendments are not to be made as a matter of course; and the permission of the court ought, in correct practice, to lie always obtained before their being filed. Such, however, was the loose and irregular practice prevailing in our courts generally in 1845, that practically counsel considered it a matter of course, and the leave of the court a mere form. And unless inconsistent and repugnant to issues previously formed, not much injury could result. And again, even where leave had been granted to amend, it was not always noticed by the clerk on the minutes. In this case perhaps the court had granted permission; and this may have been the reason with the judge in overruling the plaintiff’s motion to strike it out. And tire fact of his refusing to strike out the pleas on the ground of their having been improperly filed was an approval of them. He certainly had a right at any time to allow such an amendment in the exercise of his discretion. And their being permitted to remain is tantamount to a permission to file them.
The second objection to the ruling of the court is that the note pleaded as a set-off and in reconvention could not, from the time and under the circumstances under which it was acquired, be pleaded as a set-off in reconvention. And he has referred to the doctrine of the common-law courts on this subject. If the question was to be decided by adjudication under the English statutes or those of most of the American States, there is no doubt the law would be ruled to be with the plaintiff in error; because under those statutes the doctrine has been firmly established that none but mutually subsisting debts at the time of the institution of the suit can he set off. Our statute of the 5th February, 1840, (acts 1840, p. 62,) is materially different in its provisions, and expressly, authorizes such defenses to be set up at any time acquired previous to making the defense; with this protection to the plaintiff, however: if acquired after the' commencement of the suit, the plaintiff shall not be subjected to the costs of the suit. This, perhaps, would have been the rule in our courts from our peculiar system of jurisprudence if the statute referred to had never been enacted. Such demands might present an equity that would have been recognized and enforced even if acquired after the commencement of the suit, in the administration of rights and remedies, without any distinction between law and equity. In the case of Ogden v. Slade (1 Tex. R., 13) this court held that a defendant who is the equitable hut not the legal owner of a claim or debt against the plaintiff could set off such equitable debt against the demand of the plaintiff, and that this rule resulted from our blended system •of law and equity. Then can no sound reason be perceived why our courts, on equity principles, should not interpose and prevent a multiplicity of suits and an additional bill of costs. If the set-off is acquired after suit, all that in justice could he asked for the plaintiff is protection from costs; because he can make the same defense to the demand so set up against him by the defendant that he could have made if a separate suit had been instituted against him. There is believed to be no soundness in the objection urged by counsel that the defendant is not really the owner of the note pleaded by him as a set-off. He was in possession of it, and it was indorsed, and. this would protect the plaintiff in error against another recovery if sued on it. And it could only *129 be material to him, if he had any defense against it, had it remained in the possession of the real owner of the note. And such defense could have been made, if any he had, on showing the real ownership. (Thompson v. Cartwright, 1 Tex. R., 87; Martell v. Hernsheim, ante.) How Che interest in the note may really be between the defendant and others who may have the equitable interest is a matter for their consideration and adjustment; and unless the plaintiff can show that he is prejudiced in some way, the respective rights of the legal and equitable owner of the note cannot be drawn by him into controversy.
Note 40.- — Connell ». Chandler, 11 T,, 240; Johnston v. Marshall, 14 T., 490.
The second assignment of error is embraced in the consideration given to the first, and requires no further notice.
The third assignment is that the District Court erred in permitting the,, defendant to amend his plea of set-off for negro hire after the court had pronounced a judgment upon the said subject-matter, which judgment was unreversed at the time of the amendment. This assignment I apprehend is not sustained by the record. The court did not pass judgment that money due for negro hire was not a subject-matter that could be offered as a set-off, but that tile subject-matter was not presented or pleaded according to the forms of law. A motion to amend and present it according to the form required by law, after the first was ruled to be in this respect informal, was the appropriate remedy left to be. resorted to by the defendant, the same as any other plea at common law bad been ruled on special demurrer to be defective in form, it could certainly be amended.
The fourth and last assignment, that there is a variance between the note described in the defendant’s plea and the one offered in evidence, is not well taken. The note described in the plea is made payable to A. Whiting, and the note given in evidence is payable to Mr. A. Whiting. The letters “ Mr.” before a name are not descriptive of a person, but placed there as a matter of etiquette, and whether added or omitted cannot mislead as to the designation of the person, and are therefore wholly immaterial.
Judgment affirmed..