J. A. WIMBISH AND OTHERS V. J. J. HOLT.

26 673
87 596

See the statement of facts for exceptions to a petition upon alleged disability of the plaintiff, and held to have been properly overruled.

The payee of a note or party having the legal title to it, together with the possession thereof, may maintain a suit upon it in his own name, although the equitable title to it is in another, and so appears on the face of the petition; and the defendant cannot complain that the petition does not aver that the suit is brought for the use of those entitled to the proceeds, without showing in his answer facts depriving the plaintiff of the right to maintain the suit, notwithstanding his legal title to and possession of the note sued on.

An answer impeaching the consideration of a note under seal must be sworn to. The Act of February 2, 1858, (O. & W. Dig., art. 1817,) dispensing with the necessity of scrolls or private seals in the execution of contracts, bonds, &c., does not change the pre-existing law with reference to the mode of pleading a failure of consideration.

ERROR from De Witt. Tried below before the Hon. Fielding Jones.

Suit by the defendant in error against J. A. Wimbish, I. R. North, A. G. Stevens and Robert Brodnax, upon two notes under seal for $1595 96 each, and for the foreclosure of a mortgage upon land in De Witt county, given by Wimbish and North as security for the notes sued on.

The plaintiff described himself in his petition as "J. J. Holt, guardian *ad litem* for the heirs of Susan Green," and alleged that he was the "legal holder and owner" of the notes sued on, but without averment that the suit was brought for the use of the heirs.

The defendants filed exceptions to the petition, assigning for cause that the plaintiff, J. J. Holt, guardian *ad litem* of the heirs

43

of Susan Green, deceased, has no authority in fact or law to bring or prosecute this suit; that said Holt, on or about the 10th of November, 1854, was appointed by this court guardian *ad litem* for Margaret A. Green, John A. Green, Harriet N. Green, Sidney R. Green, and Luzette A. Green, minor children of Susan Green, deceased; and the said Holt was also at the same time appointed by this court attorney for absent defendant, Theodore B. Green; that said appointment of guardian and attorney as aforesaid was made in a certain suit in this court of C. Cardwell, guardian of John Kellog v. George W. Davis and others, about the date aforesaid. That said Holt was appointed as aforesaid guardian and attorney to defend the interests of said minors and absent defendant; and that the power and authority of said Holt as guardian and attorney were confined to the defence of said cause, and no further; that the said cause has long since been settled and decided by this court; and that the power and authority of said Holt ended and terminated with the decision of said cause. That in law and in fact the said Holt is not the guardian *ad litem* for the minor heirs of Susan Green, nor is he the attorney for the absent party, T. B. Green, and that he has no authority to enter or prosecute this suit. Wherefore the defendants pray, &c.

The defendants also filed an answer, alleging that the notes sued on were given for part of the purchase money of a tract of land purchased by Wimbish and North under an order of court in the case of Cardwell, guardian, &c., against G. W. Davis and others; that, under said order of court, the land was sold at public auction by the sheriff of the county and certain commissioners, for partition, &c., and was struck off to said Wimbish and North at six dollars and fifty-five cents per acre; that at the sale the said tract was supposed and represented to contain 1630 acres of land; but that upon subsequent survey it was found to contain only 1350 acres; wherefore, by mutual mistake, there was a failure of the consideration of the notes sued on to the extent of $1834, the value of the 280 acres deficit in the quantity of the land at the price for which it was sold per acre. That the defendants having no covenants for the quantity of the land included in their deeds, they would be remediless without deduction from the notes sued on

of the said sum of $1834, on account of the deficit and failure of consideration stated.

This answer was not sworn to; and the plaintiff excepted to it for that cause as well as for insufficiency.   The court overruled the exceptions of the defendants to the petition, and sustained the exceptions of the plaintiff to the answer; and the defendants making no further answer, judgment was entered for the plaintiff for the amount of the notes sued on with interest, and a decree rendered foreclosing the mortgage.   The defendants sued out their writ of error.

*A. N. Mills*, for the plaintiffs in error.

*J. J. Holt*, for defendant in error.

MOORE, J.    The exceptions of the defendants below to the plaintiff's petition were properly overruled; and their answer was, on the plaintiff's motion, correctly stricken out.   It did not present any matter of defence to the plaintiff's action in a manner that the court could take cognizance of it.    The notes sued upon were payable to the plaintiff below.   Although the beneficial interest and equitable title to them was in other parties, the legal title to them was in him.    And it cannot be questioned, that a suit might be prosecuted by the parties beneficially interested in them, in his name.    If it was not averred in the petition that the suit was brought for the use of those entitled to the proceeds of them, it is no cause of complaint by the defendants.    If facts existed, which, notwithstanding Holt's possession of and legal title to the notes, deprived him of the right to maintain the suit, they were not stated.    The case as presented by the answer is not distinguishable in principle from the cases heretofore decided by the court, in which it has been held that the party to whom a note is payable, or who has the legal title and possession of it, may sue in his own name, although the equitable title is in another.    (Thompson v. Cartright, 1 Tex., 87; McMillen v. Croft, 2 Id., 397; Knight v. Holloman, 6 Id., 153; Butler v. Robertson, 11 Id., 142.)

The answer was also defective as a plea to impeach the consid-

eration of the notes sued on, because it was not sworn to. The Act of February 2d, 1858, dispensing with the necessity of using scrolls or private seals in executing private contracts, bonds or conveyances, did not relieve the defendants from the obligation of verifying their answer by affidavit. The object and purpose of the Act in question was to abolish the common law rule by which an instrument, if under seal, imported a consideration, while it would. not do so if it were not. We cannot say that it was the intention of the legislature, in the passage of this Act, to change the law regulating proceedings in the District Court. Promissory notes import a consideration, whether under seal or not. And although it is not very readily seen why in the one case an answer setting up a failure of consideration must be sworn to, while it need not be in the other, yet such is the rule that has been prescribed. If we were disposed to hold that this Act had, by implication, changed the rule for pleading a failure of consideration, it would be impossible to say whether it was intended that in future all pleas of that character should be under oath, or that none need be. Under these circumstances, we think that we are not called upon or authorized to disregard a statute which the legislature have not seen fit to repeal, although it may be regarded as prescribing a technical and useless rule.

The judgment is affirmed.

Judgment affirmed.