## J. W. HAYNES v. W. M. RICE.

1. It is not absolutely necessary to obtain formal leave of court to amend a petition, unless the amendment will operate a continuance of the cause; in which latter case the leave must be obtained and spread upon the record.

2. The court below having taken action on an amendment which did not operate a continuance, it will be presumed by this court that leave to file the amendment was duly obtained.

3. With regard to amendments, the discretion of this court will only be exercised to prevent surprise upon parties.

4. The ends of justice are always best attained by having the pleadings to disclose, fully and accurately, the facts relied upon by each of the parties litigant.

5. Plaintiff sued as on a note extant, of which he set forth a copy in his petition. Defendant appeared and pleaded to the original petition. Plaintiff recovered judgment; but thereupon defendant made oath that since judgment he had discovered that the note exhibited in the petition was not the note executed by him, but only a copy of it, and a new trial was granted and the cause continued. At the next term the plaintiff, without formal leave of court, and without further service on or notice to the defendant, amended his petition and alleged that the original note was lost; that the copy exhibited was a true copy of it, and that he was ready to indemnify defendant against liability on the original. Defendant took no notice of this amendment, and plaintiff recovered judgment on the case made by it. Defendant prosecutes error, assigning that the amendment set up a new cause of action, and he was entitled to new service, etc. *Held,* that the amendment did not set up a new cause of action, but only proposed to establish by different proof than the original note itself the same cause of action relied on in the original petition; that the defendant, being already in court, was not entitled to new service or further notice, but was bound to take cognizance of the amendment; and that in this case the defendant having himself obtained the new trial, it is especially to be presumed that he took cognizance of every step in the case, being bound to be present and attend to his new trial.

ERROR from Harris.    Tried below before the Hon. George R. Scott.

The opinion exhibits the facts.

*W. P. Hamblin*, for the plaintiff in error.—Leave to file an amendment is necessary to give it the effect of an amendment. This defect may be cured by subsequent proceedings in the cause; but where the defendant is not in court, the absence of leave to amend will vitiate the plea as an amendment, and it will be allowed, if as anything, as an original. (Thomas v. Young, 5 Tex. R., 255.) Amendments must be made under the direction of the court, (Paschal's Digest, Art. 54,) and if without its knowledge or consent, are nullities, if the opposite party is not in court by process. Much more cogent is the reason for rejecting the amendment where a new and distinct cause of action is set up. Even if made with leave, where the allegations are inconsistent with and independent of the original petition, containing traversable statements, service is indispensable. (Morrison v. Walker, 22 Tex. R., 18; Weatherford v. Van Alstyne, Id. 22; Lee v. Hamilton, 12 Tex. R., 413.) And unless issue is taken upon an amended petition, setting up a new cause of action, service is necessary. (Bell v. McDonald, 9 Tex. R., 381.)

The rule receives force from the decision in the case of Williams v. Randon, 10 Texas Reports, 78 and 79, where the facts are analagous. In DeWitt v. Greenow, Galveston term, April 2, 1860, the position is strengthened, though in that case the party was shown to be in court by acts of himself or attorney. By the most liberal rule regarding amendments, under that section of the statute, (above cited,) this cause should be reversed and dismissed. The decisions of this court, in the cases above cited, have permitted the greatest latitude, but no case would harmonize with an affirmance of this judgment. It would, in fact, be a judgment by default, without service.

*Willie & Crosby*, for the defendant in error, cited Connell v. Chandler, 11 Texas, 249; Teas v. McDonald, 13 Texas, 354, and Hutchinson v. Owen, 20 Texas, 289, on the subject of amendments.

LINDSAY, J.—The action in this case was founded upon a note, the stipulations, terms and conditions of which were fully set forth by making an accurate copy of it an exhibit. The execution of the note, as set forth, was not denied; nor were the terms and conditions of it controverted by the answer. The defense set up was payment, specifying in detail the mode and manner of the payment. The plaintiff then asked leave and amended his petition, in which he confessed several items of payment, and asked judgment for the residue. The cause was continued upon the affidavit of the defendant; and at the succeeding term of the court, judgment was rendered for the plaintiff. A motion was made in arrest of judgment and overruled. At a subsequent day of the term, the defendant filed a petition, in the nature of a bill of review, and asking for a new trial, upon the ground of having discovered, after judgment rendered, that the note, which was made an exhibit in the plaintiff's petition, was not the note executed by him to the plaintiff, but only a copy of it. Upon this petition, supported by the affidavit of the attorney, the new trial was awarded, and the cause continued. At the next term of the court, without formal leave of the court, the plaintiff filed an amended petition, alleging the loss of the original note, sustained by the affidavit of the agent of the plaintiff, who also made oath that the exhibit was an exact copy of the original note. The amendment offered also to indemnify the defendant against liability on the original. To this amendment there was no response by the defendant, and judgment was again entered upon the calling of the cause for the plaintiff.

The case has been brought here by writ of error, and the ground relied upon for a reversal is, that the last amendment filed by the plaintiff was without leave of the court, and set up a new cause of action, upon which the defendant was entitled to notice, or new service, without which the judgment was a nullity. This court cannot so consider it. Formal leave of court, upon the

record, is not absolutely necessary, unless the effect of filing it would operate as a continuance of the cause. From the final action upon it the leave will be presumed. If the amendment was in fact the setting up of a new cause of action, it would operate as a continuance; and in such case leave to file it must be had of the court, and that leave must be spread upon the record. But formal leave is not indispensable to the filing of amendments to make more exact, explicit, definite and perfect, the pleadings upon the cause of action really before the court. The discretion of the court in such matters will only be exercised to prevent surprise to the opposite party—the purpose of all pleading being designed only to enable the court the better to attain the ends of justice; and this is always best attained by having the pleadings fully and accurately adapted to the facts relied upon by each party litigant. The cause of action in this case was identically the same after the amendment as before. It was for the consideration in the note actually executed and delivered to the plaintiff by the defendant. The loss of the note did not change the cause of action. It only modified the remedial action of the court. The note was but the evidence of the cause of action. By its loss, the evidence of the cause of action was varied, and only imposed an additional burden upon the plaintiff, as to his mode of proof, which certainly ought not to be cause of complaint to the defendant.

The defendant having been regularly brought into court by process, is, in legal contemplation, in court, until the final disposition of the cause, and is presumed to be cognizant of every step taken in its progress. Especially should the presumption be indulged in this case, when the defendant himself had procured the new trial. Surely he ought to have been present at the calling to attend to his new trial. The object of the amendment in this case was nothing more than to cure a defective statement in the original petition. The defendant, by his answer, had admitted the execution of the note, and it cannot be said that he had no notice

of the nature and character of this moneyed demand. The rule laid down in Morrison v. Walker, 22 Texas, and Dewitt v. Snow, in 25 Texas, has no application to the facts of this case. The judgment is affirmed.

Affirmed.