SANDERS & CRITTENDEN V. H. N. ATKINSON, FOR USE OF
LE GIERSE & CO.

(No. 893, Op. Book No. 2, p. 448.)

APPEAL from Coryell County.    Opinion by WALKER,
A. S., J.

§ **1325.** *Settlement of a judgment is a sufficient valid
consideration to support a draft or check.*    The draft was
given in satisfaction of a judgment, and by giving it a
levy was averted.    The execution about to be levied on
the drawers of the draft was returned satisfied.    This
was a good consideration for the check.    The subsequent
prosecution of error in the cause which had been so satis-
fied was no defense.    It did not avoid the obligation
assumed by defendants in drawing the draft.    If intended
to do so, it has the appearance of a gross breach of duty
and approaching fraud.

§ **1326.** *A party being the legal owner or holder of a
draft is entitled to action and judgment upon it.*    That
plaintiff was the legal owner of the check was sufficient
to entitle him to a judgment.    This rule is well settled in
our courts.    It has frequently been held by this court
that a debtor cannot resist a suit on a note by the party
in possession of it, with the apparent legal right, on the
ground that he is not in fact the owner, but that in
equity it belongs to some one else.    [Rogers v. Bass,
46 Tex. 516; Thompson v. Cartwright, 1 Tex. 87; De Cor-
dova v. Atchison, 13 Tex. 372; Butler v. Robinson, 11
Tex. 142; Wimbish v. Holt, 26 Tex. 673; Zachary v.
Gregory, 32 Tex. 452.]    Again, in Allen v. Pannell, 50
Tex. 168, in a suit by the payee on a draft drawn for
use, etc., it was held, as the payee and legal holder of
the draft sued on, the plaintiff was authorized to main-
tain an action thereon in his own name, whoever may
have been the equitable owner.    The production of the
draft was sufficient evidence to authorize judgment.
Lasker & Davis were the real parties, the use of the

name of the payee only nominal. Whether Lasker & Davis composed the firm of Le Gierse & Co., or whether surviving partners, was immaterial. The assertion of a right to recover on the check was a ratification of plaintiff's act in taking it. Irregularities in the judgment in the former suit could avail nothing in defense in this suit. Whether the parties named as beneficiaries were the true members of the firm of Le Gierse & Co., had it been material, should have been contested by plea under oath.

October 25, 1880.                                    Affirmed.