Opinion by
Walker, P. J.
§ 834. Variance between description of note sued, on and the note offered in evidence; rules as to; case stated. Appellant sued appellee in the county court of Cooke county upon a promissory note. Appellee resided in another county. The petition set out the note sued upon in hcec verba, and alleged that defendant had therein promised to pay the same in Cooke county. The note, as set out in the petition, contained the words, “payable at Gainesville Bank.” The note offered in evidence, and admitted over defendant’s objections, read “ payable at Goneville Bank.” Defendant pleaded his privilege to be sued in the county of his residence, which plea was overruled, and judgment rendered against him for the amount of the note, interest and costs. Held: The plaintiff was not required to set out the note in hcec verba, but had the privilege to set forth a description of it according to its substance and legal effect. Yet, having elected to describe it, by setting it forth in words and figures, it is an elementary rule of evidence that when offei’ed in evidence it must have been found to correspond with the description given. An instrument thus described is not ádmissible if it varies to such a degree that the court cannot say, on inspection of it, that it reasonably appears to be the instrument described in the pleading. The identity must be apparent from a comparison of the instrument with the description given of it. Slight inaccuracies are not necessarily fatal. If the instrument *734 offered in evidence be substantially the same as the one described in the pleading, and it is reasonably certain that it is the same, the variance -will not be material. The rule laid down and applied in Brown v. Martin, 19 Tex. 345, is decisive of this case. In that case the variance was only in a single word. It was held that the discrepancy between the note offered, and the description of it in the petition, was fatal. [See, also, Hunt v. Wright, 13 Tex. 549; Shipman v. Fulcrod, 42 Tex. 248.] In the case under consideration, the difference between “Gainesville Bank” and “Gonesville Bank” is too considerable to enable a court by mere inspection to determine that the two places are the same, and that the variance is the result merely of inadvertence. The court erred in admitting the note in evidence, because of said variance. The cases cited by appellee’s counsel, in support of the ruling of the court admitting the note in evidence, are cases where the instruments offered in evidence were described in the pleadings according to their legal effect merely. The rule in the one class of cases and the other is quite different. [McClelland v. Smith, 3 Tex. 210; Mason v. Kleberg, 4 Tex. 85; Thomas v. Young, 5 Tex. 253.]
§ 835. Place of performance of contract; error in naming it may be corrected to show jurisdiction. If the note sued on was in fact made payable at any place in Cooke county, Texas, an error or mistake, if such there was, in the mode of writing or spelling the name or designation of the place in the note, will not affect the question of jurisdiction, if, under an appropriate amendment of the petition, such explanatory allegations are made as will allow proof of the place intended to be described. Under the jurisdictional clause of the statute [R. S. art. 1198, subd. 5], the question to be determined is, whether the legal effect and purport of the written contract is that it should be performed in the county where the suit is brought. If any place in such county is attempted to be designated by the contract at which the contract is to *735 be performed, it is admissible to prove all the attendant circumstances to show that the place named was intended to mean a place in said county.
May 11, 1885.
§ 8 3 6. Illegal evidence; admission of, not ground for reversal, when. When a case is tried by the judge without a jury, the admission of illegal evidence will not, ordinarily, afford ground for reversal, if the judgment is rightly rendered upon competent evidence. [Smith v. Hughes, 23 Tex. 248; Melton v. Cobb, 21 Tex. 539.]
Reversed and remanded.