### H. G. RHODES ET AL. v. FRED MARET ET AL.

#### Decided March 23, 1907.

**Trespass to Try Title—Trust Estate—Parties.**

Where the legal title is in the trustee and where the life or existence of the trust itself is not involved, and where no equity or defense against

the beneficiary is set up by the defendant, the trustee may maintain a suit of trespass to try title for the protection of the trust estate, notwithstanding the beneficial ownership of another.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*Estes & Douglass,* for appellant.

No brief for appellees.

CONNER, CHIEF JUSTICE.—This is a suit in trespass to try title, instituted by the appellants, H. G. Rhodes, J. A. Wood and G. W. Carmichael, against Fred Maret and other appellees, to recover a designated portion of the John McCoy survey of land in Hood County, with the house and other improvements thereon. Inasmuch as the case was disposed of by the court's ruling on a special exception, we quote so much of appellants' petition as we deem necessary to an understanding of the court's ruling and of our conclusions, viz.:

"Your petitioners, H. G. Rhodes, J. A. Wood and G. W. Carmichael, complaining of Fred Maret, C. F. Brister, V. M. Mayfield, Mary Stephenson and Audie Duckworth represents to the court that all the parties to this suit, both plaintiffs and defendants, reside in Hood County, Texas. That the plaintiffs, H. G. Rhodes, J. A. Wood and G. W. Carmichael, show to the court and allege that, at the time of the bringing of this suit, the said Rhodes was the worshipful master of Acton Masonic Lodge No. 285, and that the said Wood and Carmichael were the then acting senior and junior wardens respectively of said lodge and, as such, were holding the hereinafter described property in trust for the use and benefit of said lodge and, as such trustees, had the control and management of the same, by virtue of their offices aforesaid, the said property having been conveyed, originally, to the said officers of said lodge for the use and benefit of the lodge. They further show to the court that W. J. Goodlett is now the duly acting and elected worshipful master of said lodge and that H. G. Rhodes is the now acting and duly elected senior warden of said lodge and that J. A. Wood is its junior warden, that the said Goodlett, Rhodes and Wood all and each reside in Hood County, Texas, and by virtue of their said offices are holding the said property in trust for the use and benefit of said lodge as such officers and are entitled to the management and control of said property. Wherefore the said H. G. Rhodes, J. A. Wood and G. W. Carmichael ask that the said W. J. Goodlett, H. G. Rhodes and J. A. Wood be permitted to appear as plaintiffs and prosecute this suit and they, the said W. J. Goodlett, H. G. Rhodes and J. A. Wood here now appear and pray that they be permitted to prosecute this suit by virtue of their offices aforesaid. They show to the court that they are the principal officers of said lodge and are the trustees for and on account of the property and matters and things hereinafter shown and alleged for the use and benefit of said lodge and are entitled to prosecute this suit for the use and benefit of said lodge."

It was further alleged that Acton Lodge was a subordinate one,

created under and by virtue of the Grand Lodge of Ancient, Free and Accepted Masons of the State of Texas, which acts under a charter granted by said State. See Special Laws, Acts 1879, page 3.

The special exception presented and sustained by the trial court is as follows:

"Defendants specially except to said petition and say that the plaintiffs named therein are not entitled to maintain this suit, for that it is disclosed by said petition that the plaintiffs herein, as individuals, have no interest in the subject matter of this suit, and that they are only trustees for the Masonic Lodge at Acton, Texas, and there is no allegation in said petition that this suit is brought for the use and benefit of said lodge; that if said lodge is the owner of the property in question herein, it being a corporate body, suit should be brought in its name and not in the names of its agent."

Appellants having declined to amend, or make additional parties, the suit was dismissed and hence this appeal.

While it is true that Acton Lodge, by the terms of the legislative act cited, has power to "sue," such power is not necessarily exclusive, and we think appellants present a right to prosecute herein. The averments of their petition undoubtedly show that the legal title to the premises sued for is vested in them. That the beneficial title is in the lodge renders no less certain the place of the legal title. As trustees, therefore, of an express trust, it must certainly be appellants' duty to care for and protect the property in controversy from trespassers. (1 Perry on Trusts, section 328.) If so, their power should be measured by their duty. (Ib., section 475.) Appellees have not favored us with a brief and we hence may have overlooked some authority contrary to the conclusions indicated, but the case, perhaps nearest in point in favor of the court's ruling that we have found is that of Monday v. Vance, 11 Texas Civ. App., 375. It is there said: "It is a general and well established rule that in suits by or against a trustee for the recovery or defense of property, the beneficiaries are necessary parties." Citing Boles v. Linthicum, 48 Texas, 221; Ebell v. Bursinger, 70 Texas, 120, and Preston v. Carter, 80 Texas, 388. This case, however, seems distinguishable from the one before us. The court states, "It is clear from the face of the petition that Mrs. Wright and the children (the beneficiaries who were not made parties) have equitable rights that would necessarily be affected by any judgment that might have been rendered," and the proceeding was designated by the court as one "in equity to cancel certain transfers and enforce a trust," and declared the well known rule that "a Chancery Court will not entertain a bill unless all parties in interest are before it." Of the cases cited, the first two were suits against a trustee in which the result might have been to the detriment of the unjoined beneficiaries, while in the last case, Preston v. Carter, it was distinctly held that the preferred creditors in a trust deed, held to have the effect of a general assignment under our statute, were not necessary parties in a suit against the trustee to compel the administration of the trust under and in accordance with the laws regulating assignments.

We think it may be safely stated that in cases where the life or

existence of the trust itself is not involved, and where, as here, no equity or defense against the beneficiary is set up by the defendant, and where the legal title is in the trustee, he may himself sue for the protection of the trust estate, notwithstanding the beneficial ownership of another. In the third edition of Pomeroy's Equity Jurisprudence, volume 3, section 989, it is said: "The estate of the naked trustee in a passive trust, and a fortiori of the, trustee in an active trust, is the only legal ownership, although it must be used in equity, only for the purposes of carrying out the trust and protecting the rights of the beneficiary. The trustee, having the legal interest, is the proper person to bring actions at law, and to do other things which can be done only by one having the legal estate."

The case of Aldridge v. Pardee, 24 Texas Civ. App., 254, was one in which the trustees, in whom was vested the legal title, for the benefit of certain named beneficiaries, were permitted to maintain the action for the recovery of lands sued for in that case. It was there said: "It is well settled that one who has a legal title, as mere naked trustee, may sue in his own name, though the equitable title be in another," citing numerous Texas cases. A writ of error was refused in this case, and it would seem to support the conclusion to which we have arrived.

The trial court erred in sustaining the special exception quoted, and it is ordered that the judgment be reversed and, the cause remanded for a new trial.

*Reversed and remanded.*