### O'BRIEN v. MAYER.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 16, 1911. Rehearing Denied Jan. 13, 1912.)

1. BILLS AND NOTES (§ 457*)—ACTIONS—PARTIES—TRUSTEES.

Though it may be implied from the designation of the payee in a note as trustee that others are beneficially interested, he, having the legal title may maintain a suit thereon without joining them as parties.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 457.*]

2. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR—PLEADING.

Any error in overruling a special exception to the petition because not addressed to the court in which it was filed, which no statute requires, is harmless; such court having jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1040.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Max K. Mayer, Edward O'Brien intervening. Judgment for plaintiff. Intervener appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

C. A. Wright, for appellant.　Jno. W. Wray, for appellee.

DUNKLIN, J.　C. W. Connery sold to M. A. Gibler a tract of land, taking in part consideration therefor the promissory note of the vendee for the sum of $6,136.75 payable to Max K. Mayer, trustee, secured by a vendor's lien on the property sold, and also a deed of trust on the same property in which John W. Wray was named as trustee. In a suit by the payee upon the note, Edward O'Brien intervened, claiming an interest in the property; and from a judgment in favor of the plaintiff for the amount due upon the note with foreclosure of the liens retained in the note and deed of trust the intervener has appealed.　By several special exceptions the intervener contended that the plaintiff's petition was fatally defective in failing to show the names of the beneficiaries interested in the note, and in failing to make such beneficiaries parties to the suit.

[1] Error is assigned to the action of the trial court in overruling those exceptions and also to the rendition of the judgment in plaintiff's favor for the full amount of the note under the uncontroverted proof upon the trial that plaintiff's brother was the owner of $1,341 due on the note at the date of the trial and only the balance was owned by plaintiff in his individual right. The legal title to the proceeds of the note was in the plaintiff, and, although it should be implied from his designation as trustee that others were beneficially interested, yet, under the well-settled rule, he could maintain the suit without joining them as parties. Rhodes v. Maret, 45 Tex. Civ. App. 593, 101 S. W. 278; Aldridge v. Pardee, 24 Tex. Civ. App. 254, 60 S. W. 789.

[2] As the statutes do not require the petition to be addressed to the court in which it is filed, and as the court in which this suit was filed clearly had jurisdiction to hear and determine it, the error, if any, in overruling the special exception to the petition based on the absence of such an address, was technical only, and not of such moment as to require a reversal of the judgment.　The terms of the note upon which the judgment was based were sufficient to create a vendor's lien on the property upon which a foreclosure was decreed without the aid of the deed executed by Connery to Gibler and without the aid of the deed of trust.　Following the language foreclosing the vendor's lien upon the property, it was further decreed that "all the alleged rights and claims of the other defendants, including the intervener in and to the premises aforesaid, be and the same are hereby forever cut off and barred."　Appellant insists that the effect of the language quoted would be to deny him the right to redeem the land by paying off the judgment before a sale under the foreclosure decree.

It is doubtful whether this contention is well founded in view of the terms of the judgment considered in its entirety, but in order to remove all question upon that point the language so quoted will be eliminated from the judgment; and with that correction the judgment is in all things affirmed.