## BROWN v. ARHELGER. (No. 5835.)

(Court of Civil Appeals of Texas. Austin. Nov. 14, 1917.)

BILLS AND NOTES ⊙=457—ACTIONS—PARTIES PLAINTIFF—JOINDER OF PARTNER.

Where defendant made a note payable to one partner alone and such partner did not indorse it, the other partner was not an indispensable party to the payee partner's suit on the note.

Appeal from San Saba County Court; J. T. Hartley, Judge.

Action by G. A. Arhelger against Joab Brown. Judgment for plaintiff, and defendant appeals. Affirmed.

Walker & Burleson, of San Saba, for appellant. Johnson & Braly, of San Saba, for appellee.

### Findings of Fact.

JENKINS, J. We adopt as our findings of fact the following from appellant's brief:

"The San Saba Manufacturing Company was the style of a partnership doing business in the town of San Saba, and was composed of G. A. Arhelger and Clay Kuykendall, G. A. Arhelger being the general manager. Joab Brown, appellant, became indebted to them and executed his note for said amount, which was payable to G. A. Arhelger alone. Brown paid part of the

note, and was sued for the balance. The suit was brought in the name of G. A. Arhelger alone. Upon the trial it developed that Clay Kuykendall was an equal owner with G. A. Arhelger in the note sued upon; thereupon appellant's attorneys suggested that there was a nonjoinder of parties plaintiff; that Clay Kuykendall was a necessary party, and moved the court to dismiss the case, which being overruled, the trial proceeded, and judgment in favor of G. A. Arhelger alone was rendered against appellant."

### Opinion.

There is but one issue in this case, and that is whether or not Clay Kuykendall was a necessary party plaintiff. We sustain the ruling of the trial court that he was not. Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95; Wimbish v. Holt, 26 Tex. 673; Brown v. Chenoworth, 51 Tex. 477; Allison v. Insurance Co., 87 Tex. 593, 30 S. W. 547; Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30; Knight v. Holloman, 6 Tex. 162; Butler v. Robertson, 11 Tex. 143; 8 C. J. 822, § 1084. We quote from Corpus Juris, supra, as follows:

"The holder of the legal title [of a note] may sue, although not the full owner."

This text is sustained by the Texas authorities above cited. Arhelger being the payee, and not having indorsed the note, he was the legal owner of same.

Finding no error of record, the judgment of the trial court is affirmed.