### FINKS v. FITZPATRICK et al. *
### No. 3813.

Court of Civil Appeals of Texas. Texarkana.
May 15, 1930.
Rehearing Denied May 29, 1930.

---

*Writ of error granted.

.T. C. Hutchings, of Mt. Pleasant, John T. Gano, and W. N. Coombes, both of Dallas, and R. T. Wilkinson, Jr., of Mt. Vernon, for appellant.

R. G. Storey and Baskett & DeLee, all of Dallas, and Seb F. Caldwell, of Mt. Pleasant, for appellees.

WILLSON, C. J. (after stating the case as above).

■ The contention first presented in appellant's brief is that it was error not to sustain pleas in abatement urged by him on the ground that the note sued upon was not due at the time the suit was commenced, and on the ground that Fitzpatrick was not then the owner of the note. The assignments presenting the contention are overruled. It appeared that the note was due and that Fitzpatrick was the legal holder and owner thereof at the time the amended petition on which the cause was tried was filed. It is plain, therefore, that appellant had no right to complain of the ruling and no other right than to have the costs, which had accrued in the suit at the time said amended petition was filed, taxed against said Fitzpatrick. Dalton v. Rainey, 75 Tex. 516, 13 S. W. 34; Bryan College Interurban Ry. Co. v. Kropp (Tex. Civ. App.) 197 S. W. 733; 1 Tex. Jur. 686; Brown v. Arhelger (Tex. Civ. App.) 198 S. W. 811; O'Brien v. Mayer (Tex. Civ. App.) 143 S. W. 240; Swenson v. Heidenheimer (Tex. Civ. App.) 52 S. W. 989.

■ It is next contended that the court erred when he overruled appellant's motion to strike out Fitzpatrick's second amended original petition filed February 4, 1928, and when he overruled appellant's motion to quash the writ of sequestration issued the same day on the prayer therefor in said petition. The ground of the motion first mentioned was that the petition was filed while the court was in session without leave to file it having first been obtained. We think the effect of the court's act in overruling the motion was to determine Fitzpatrick was entitled to file it. Thomas v. Young, 5 Tex. 253; Haynes v. Rice, 33 Tex. 167; Connell v. Chandler, 11 Tex. 249; Hopkins v. Seay (Tex. Civ. App.) 27 S. W. 899; Morrissey v. Jones (Tex. Civ. App.) 24 S.W.(2d) 1101. The grounds of the motion to quash the writ of sequestration, so far as specified in appellant's brief, were (1) the fact that said second amended original petition, containing the prayer for the issuance of the writ, was filed without leave as stated above; (2) the fact that, whereas it appeared that the note sued upon was owned by Fitzpatrick, R. M. Bailey, and L. P. Burns as partners, the affidavit and bond for the writ were the affidavit and bond of Fitzpatrick alone; and (3) the fact that the third amended original petition, on which the trial was had, did not contain a prayer for a writ of sequestration. As to the one first mentioned of the grounds of the motion for quashing the writ, we have just held that appellant had no right to complain because the court overruled his motion to strike out the second amended original petition. But had the holding been to the contrary, we see no reason why, if that petition was not entitled to be treated as an amendment of Fitzpatrick's original petition, it should not have been treated as sufficient as an application for the issuance of the writ of sequestration. The statute authorized the issuance of such a writ during the progress of the suit. Article 6840, R. S. 1925. The second ground also was untenable, we think. As the legal owner and holder of the note Fitzpatrick had a right to maintain a suit thereon in his name alone, and such right carried with it a right to sue out the writ of sequestration in his name alone. Brown v. Arhelger (Tex. Civ. App.) 198 S. W. 811; 8 C. J. 822. The third ground of the motion was as plainly untenable as the others, we think. The fact that the amended petition on which the trial was had did not contain a prayer for the writ which had already been issued, certainly was not a reason why the writ should be quashed.

■ In his fourth supplemental petition, Fitzpatrick alleged that he had a "constitutional lien" on the property, covered by the mechanic's lien and trust deed lien he claimed, to secure the sum he sued for, and prayed that, in the event it should be determined he was not entitled to a foreclosure of said mechanic's and trust deed liens, the constitutional lien he claimed be foreclosed. In his third supplemental answer appellant objected to said allegations in said fourth supplemental petition on the ground that they stated a new cause of action inconsistent with that set up in the original and amended original petitions, and complains because his objection (which he called a "plea in abatement") was overruled. The court did not undertake in his judgment to foreclose the "constitutional lien" pleaded, and it is not apparent how appellant was in-

jured if the court erred in his ruling as claimed.

The contentions in appellant's brief (1) that it appeared the note sued upon was made by him "merely as an accommodation" to Fitzpatrick; (2) that "the undisputed testimony established" that Fitzpatrick was to sell memberships in a club and pay himself the amount of the note out of the proceeds of the sales; and that "the undisputed testimony developed" that Fitzpatrick had "released the defendant Finks from any liability" on the note and "was bound to look only" to one Clements for payment thereof, are overruled. As we construe the evidence it not only does not support such contentions, but strongly preponderates to the contrary.

█ It is insisted that in rendering judgment the court failed to allow appellant credits he was entitled to on account of rents, revenues, etc., derived by Fitzpatrick from the property sequestered while he was in possession thereof by virtue of a replevy bond he gave the officer who levied the writ. In support of the contention, appellant refers to the finding of the jury that the amount so derived by Fitzpatrick was $1,940.41, and to a bill of exceptions showing that Fitzpatrick as a witness testified that he had expended, in the upkeep of the property during that time, $733. That testimony taken alone would indicate that Fitzpatrick's receipts were $1,207.41 in excess of his expenditures; but Fitzpatrick testified further that the revenues from the property were not enough to pay expenses he incurred in caring for it. In view of that testimony we do not think it should be said the court and jury did not have a right to conclude that Fitzpatrick expended only $733 in the upkeep of the property. It is insisted further that the recovery allowed Fitzpatrick and his partners so far as it was for attorney's fees was not warranted by evidence, in that it did not appear therefrom, it is asserted, that the note sued upon was ever placed in the hands of attorneys for collection and in that, it is asserted further, it did not appear what would have been a fair and reasonable amount to allow for making such collection. It was stipulated in the note that Finks should pay 10 per cent. additional on the amount thereof if it was placed in the hands of an attorney for collection or if it was collected by suit. Fitzpatrick, as a witness, testified he turned the note over to an attorney for collection, and the trial court and this court know the purpose of this suit was to collect the note. Guffey v. Bank (Tex. Civ. App.) 250 S. W. 301.

Other contentions made by appellant in his brief and not disposed of by what has been said are believed to be also without merit, and are overruled.

█ The appellees Hickman and wife, in a brief they have filed, complain because they were not allowed a recovery of anything against Fitzpatrick, and because they were allowed a recovery of only $219.50 against appellant Finks. As they (the Hickmans) did not prosecute an appeal from the judgment, nor file assignments of error covering their contentions, they are not entitled to have this court review the judgment in the respects it affects them.

The judgment is affirmed.