**Mark HORTENSTINE, Appellant,**

**v.**

**Arthur L. McKLEMURRY, Appellee.**

**No. 4465.**

Court of Civil Appeals of Texas.

Waco.

May 5, 1966.

Rehearing Denied May 19, 1966.

Ashton & Smith, L. Hamilton Lowe (of counsel on appeal), Austin, for appellant.

W. L. Tandy, Waco, for appellee.

WILSON, Justice.

Plaintiff recovered judgment in a jury trial in his action to recover 25% of the net profit derived from exchange of Texas realty for an interest in a limited partnership which owned Arizona lands. He also recovered for salary and expenses alleged to be due.

The initial question confronting us is whether defendant preserved his right to assert the points now presented by timely assigning them in his motion for new trial, a prerequisite to appeal under Rule 324, Texas Rules of Civil Procedure.

Appellant seasonably filed his original motion for new trial containing thirteen numbered points. Eighteen days later he filed an amended motion, for the filing of which the court signed an order granting leave. The amended motion contained only a single assignment apparently attempting to allege newly discovered evidence. More than 20 days after the original motion was filed appellant's counsel, apparently with consent of the court, removed from its cover the amended motion previously filed and inserted in that cover a new paper which re-copied the thirteen points in the first motion and the single point in the amendment, so as to show a total of fourteen points in a motion contained in a cover bearing a file mark dated within the 20-day jurisdictional time limit prescribed by Rule 329–b(2), Texas Rules of Civil Procedure. By bill of exception the court certifies that upon appellee's discovery of and objection to this procedure he ordered the one-point amended motion restored to its cover and permitted "counsel for defendant to put the fourteen points of error which he had inserted" into "a separate instrument and call same an Amended Motion for New Trial, and that he would then let the defendant," over the objection of appellee, "file the instrument as of August 16, 1965" (the filing date of the single-point amended motion). The court certified that although the fourteen-point paper was actually filed on September 9, he directed the clerk to date its file mark August 16.

Notwithstanding Rule 5, Texas Rules of Civil Procedure prohibits enlargement of the period for taking action under rules relating to new trials; in spite of the fact that an amended motion is held to supersede the original, W. C. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256, 259; and although Rule 329–b provides "Not more than one amended motion for new trial may be filed", thus making it doubtful that any of the thirteen points were preserved, it is unnecessary for us to pass on the question, and we do not do so. Only two of appellant's points on appeal are properly assigned in any purported motion or amendment.

Appellant's points 1, 3, 8, 9–12 have no supporting assignment in the motion for new trial, original or purported amendment, and may not be considered. Rule 374, Texas Rules of Civil Procedure; St. Louis Southwestern Railway Company v. Gregory, Tex.

Sup., 1965, 387 S.W.2d 27, 29; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Texas Employers Ins. Ass'n v. Hawkins, Tex.Sup., 1963, 369 S.W.2d 305. There is no ground specified in the motions as required by Rule 320, or in the bill of exception referred to, to raise point 7. Point 5, complaining that the answer of the jury to issue 4 is contrary to the overwhelming preponderance of the evidence, and point 6 concerning newly discovered evidence, have been considered and are overruled.

Affirmed.