Marie A. BRAULT, Appellant,

v.

Mae Darlene BIGHAM, Guardian and
Administratrix, Appellee.

No. 5215.

Court of Civil Appeals of Texas,
Waco.

March 22, 1973.

Rehearing Denied April 26, 1973.

W. L. Tandy, Waco, for appellant.

George Clark, Waco, for appellee.

———◆———

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant (and cross-plaintiff) Marie A. Brault from judgment impressing a trust on life insurance proceeds in favor of plaintiffs (four minor children of Howard Brault, Jr.); removing Marie A. Brault as trustee of such funds; and awarding such proceeds to plaintiff Mae Darlene Bigham as guardian of the persons and estates of the four minor children (and as administratrix of the estate of Helen A. Brault).

The issue on appeal narrows to whether appellant (defendant and cross-plaintiff) Marie A. Brault, or Appellee (plaintiff and cross-defendant) Mae Darlene Bigham will have control over the proceeds of life insurance on Howard Brault, Jr.

Howard Brault, Jr., took out an insurance policy on his life, his wife Helen's life, and the lives of their minor children, with John Hancock Mutual Life Insurance Company. He designated his wife as his beneficiary, and named his mother (appellant) Marie A. Brault as secondary beneficiary. On August 28, 1971 Howard Brault, Jr., his wife Helen, and minor daughter Barbara Ann were killed in an airplane crash, leaving as their survivors the four minor children, appellees-plaintiffs, in this case.

After the death of Brault, Jr., and wife Helen, Helen's sister Mrs. Mae Darlene Bigham took the four surviving children into her home in Waco, was appointed by the County Court of McLennan County, Guardian of the persons and estates of the four children, and also Administratrix of the Estates of Howard and Helen Brault.

In her capacity as Guardian of the four childrens' persons and estates, and as Administratrix of the Estates of Howard and Helen Brault she filed suit against John Hancock Insurance Company for the proceeds of the life insurance, and joined Marie A. Brault as a defendant, as she was secondary named beneficiary. Plaintiff alleged that defendant Marie A. Brault was named as secondary beneficiary only as trustee for the four surviving children of Howard and Helen Brault.

John Hancock Insurance Company filed interpleader acknowledging liability on the policy; asserted rival claims between Mae Darlene Bigham in her representative capacities, and Marie A. Brault individually; paid into the registry of the court $24,586.19 for the death of Howard A. Brault, Jr., $6,652.29 for the death of Helen, and $1,011.72 for the death of Barbara Ann.

Marie A. Brault sought in her individual capacity to recover the above sums and asserted the intention of the insured established by and had to be determined solely from the language of the policy. She asserted this in her original cross action, 1st amended original cross action, 2nd amended original cross action, motion for summary judgment, and by her answers to interrogatories.

By her 3rd amended cross action she abandoned claim to the proceeds individually, and sought recovery of the funds as designated beneficiary as "custodian for the Brault children", but "free from the

control of any guardian, administratrix, probate court or other outside agency".

Trial was to a jury which found:

1) Howard A. Brault, Jr., designated Marie A. Brault as secondary beneficiary with the intention that if he and his wife were killed in the same accident, the proceeds of the policy "were to be collected by her for and in behalf of his children".

2) Howard A. Brault, Jr., intended that in the event Marie A. Brault as secondary beneficiary became beneficiary of the funds under the policy that she was to collect and use these funds as she saw fit in behalf of the Brault children.

The trial court entered judgment:

1) Finding the beneficiary under the policy of the $1,011.72 for the death of Barbara Ann, was her estate, and entered judgment for plaintiff Mae Darlene Bigham as guardian of the four minors, for such amount.

2) Finding the beneficiary under the policy of the $6,652.29 for the death of Helen, was her estate; and entered judgment for plaintiff Mae Darlene Bigham as Administratrix of the Estate of Helen, for such amount.

3) Finding the beneficiary under the policy of the $24,586.19 for the death of Brault, Jr., was Marie A. Brault; that such proceeds were impressed with a trust for the benefit of the four minor plaintiffs; that Marie A. Brault in seeking the money individually, committed a material breach and violation of the trust and her fiduciary duty to the minor beneficiaries; removed Marie A. Brault from any rights and duties as trustee of the proceeds payable for the death of Brault, Jr.; and entered judgment for Mae Darlene Bigham as guardian of the persons and estates of the four minors, for such amount.

Defendant (and cross-plaintiff) Marie A. Brault appeals on 5 points contending: [1]

1) The trial court violated and disregarded Rule 301 Texas Rules of Civil Procedure in entering its judgment.

2) The trial court erred in removing Marie A. Brault as trustee as "she has never yet gained the status of trustee".

3) There is no evidence to support the trial court's findings and judgment contrary to the Special Issues found by the jury.

4) The trial court's findings and judgment contrary to the Special Issues found by the jury are contrary to the overwhelming preponderance of the evidence.

5) The trial court erred in not allowing evidence of Marie A. Brault as to arrangements she had made to handle the insurance funds for the Brault children.

Points 1 thru 4 assert that the trial court erred in not rendering judgment on the verdict; in removing appellant Marie A. Brault as trustee; and not permitting Marie A. Brault to recover and control the insurance paid on Howard A. Brault, Jr., for the benefit of the minor plaintiffs.

The jury by its answer to Issue 1 found that insurance on Howard A. Brault, Jr., was intended by him to be for the benefit of his minor children; and by its answer to Issue 2 found that Howard A. Brault Jr., intended that Marie A. Brault was to collect and use the funds as she saw fit in behalf of his children.

The trial court gave effect to the finding of Issues 1 and 2 by impressing a trust on the proceeds of the insurance on Howard A. Brault, Jr., in favor of the four children.

■ A trust may be impressed upon a life insurance policy or upon proceeds thereof in the hands of a named beneficiary, and proof of such trust may be made

---

1. These points are directed only to the $24,586.19 paid for the death of Howard A. Brault, Jr.

by parol. Dunn v. Second Nat. Bank of Houston, 131 Tex. 198, 113 S.W.2d 165; Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493. Appellant does not complain of this.

Issue 2 further found it was Howard A. Brault, Jr's., intention that Marie A. Brault was to collect and use the funds as she saw fit for the minor children. Thus Marie A. Brault was designated as trustee.

Appellee petitioned the trial court to remove Marie A. Brault as trustee, and the court by its judgment did remove her as trustee. As noted Mrs. Brault asserted claim to the proceeds individually until the filing of her 3rd amended pleading. And there is evidence she said she would not put the funds in a bank in trust for the children.

■ The safety of the trust fund is the first care of the law, and on this depends every rule which has been made for the conduct of trustees. Republic Nat. Bank v. Bruce, 130 Tex. 136, 105 S.W.2d 882.

■ A court of equity has jurisdiction when it becomes necessary for the protection and preservation of the trust to appoint or remove a trustee; 90 C.J.S. Trusts § 454, p. 874; Penix v. First Nat. Bank of Paris, CCA, Er. Ref., 260 S.W.2d 63.

Article 7425b–39 Texas Trust Act, Vernon's Ann.Civ.St., provides: "Trustees having materially violated (or attempted to violate) any express trust resulting in actual financial loss to the trust * * * or *for other cause, in the discretion of the court* having jurisdiction, may, on petition of any person actually interested, after hearing, be removed by such court * * ".

■ A trustee commits a breach of trust not only where he violates a duty in bad faith, or intentionally although in good faith, or negligently, but, also where he violates a duty because of a mistake. An intended or attempted appropriation is just as much an indication of danger as though it had been consummated, and hence is a ground for removal. Similarly a repudiation of the trust is a clear ground of removal. Restatement of Trusts, 2d Ed. par. 201, and Bogert, Trusts and Trustees, par. 522 p. 374."

■ And a person who sues to recover property for his own right repudiates a trust relation to such property. Portis v. Hill, S.Ct., p. 4, 14 Tex. 69. Childers v. Breese, 202 Okl. 377, 213 P.2d 565; Ballard v. Ballard, Tex.Civ.App., N.W.H., 296 S.W.2d 811.

■ We cannot say the trial court abused its discretion in removing appellant as trustee, and in rendering judgment for the plaintiff Guardian-Administratrix. Landry v. Travelers Ins. Co., Tex., 458 S.W.2d 649.

■ Point 5 is not supported by any assignment of error in appellant's amended motion for new trial, and is thus not before this court for review. Central Freight Lines Inc., v. Cletex Trucking Inc., Tex.Civ.App., N.W.H., 469 S.W.2d 593; Turnbow Pet. Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256; Darryl v. Ford Mtr. Co., Tex., 440 S.W.2d 630; Rule 374 TRCP; Hortenstine v. McKlemurry, Tex. Civ.App., N.R.E., 402 S.W.2d 946.

All appellant's points and contentions are overruled.

Affirmed.