**Vernon YOUNG, Jr., Appellant,**

v.

**Dallas J. FONTENOT, et al., Appellees.**

No. 08–93–00408–CV.

Court of Appeals of Texas, El Paso.

Nov. 17, 1994.

Rehearing Overruled Dec. 28, 1994.

---

Debra Catlett, Catlett & Associates, P.C., Houston, for appellant.

Jack C. Ogg, Sowell & Ogg, Houston, for appellees.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

### OPINION

McCOLLUM, Justice.

### NATURE OF THE CASE

This is an appeal from a summary judgment. The trial court granted a summary judgment to defendants on affirmative defenses.

We reverse and remand.

## I. SUMMARY OF THE EVIDENCE

This is an appeal from a summary judgment granted in favor of defendants at trial. Vernon Young, Jr., ("Young") filed suit in 1987 alleging that he was entitled to receive one-third of the corporate stock of defendant Trumps, Inc. from defendants Dallas J. Fontenot ("Fontenot"), and Robert Watters ("Watters").

Young alleges that, on or about April 29, 1983, he, Fontenot, and one J.B. Gentry ("Gentry") entered into an oral agreement. The gist of the agreement was that Young was to receive stock in a corporation to be formed, the 3113 Bering Corporation, for the purpose of purchasing Rick's Cabaret, a Houston "gentleman's club." [1] The consideration for the stock was services to be rendered by Young in the course of the acquisition. However, the corporation was to issue all the stock in the names of Fontenot and Gentry; none in the name of Young. The purpose of this was so that one Salah Izzedin, not a party to this litigation, would participate in the venture and procure a liquor license for the club. Apparently, Izzedin would not participate if Young were participating. Later, Young alleges, the stock was to be transferred to him. The corporation was formed, and the stock was issued to Fontenot and Gentry. Another company, Zu Corporation, was formed later in 1983 to receive the profits of 3113 Bering Corporation.

---

1. The Court can find no authority describing the origin of this term.

It was not until late 1985 that Young demanded that corporate shares evidencing his one-third ownership be transferred to him by Fontenot. This suit was filed on July 23, 1987.

The defendants moved for summary judgment on the grounds that Young's claims were barred by the four-year statute of limitations, and that the agreement alleged was unenforceable under various statutes of frauds. Summary judgment was granted on unspecified grounds.

## II. *DISCUSSION*

The standard of review on appeal of a summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Hernandez v. Kasco Ventures Inc.,* 832 S.W.2d 629, 631 (Tex.App.—El Paso 1992, no writ). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 721 (Tex.App.—El Paso 1991, writ denied). Where the defendants are the movants and they submit summary judgment evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Hernandez v. Kasco Ventures Inc.,* 832 S.W.2d at 633. Alternatively, the defendant-movant must conclusively establish each essential element of an affirmative defense. *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657 (Tex.App.—Dallas 1992, no writ); *Traylor v. Unitedbank Orange,* 675 S.W.2d 802, 804 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.).

Where the summary judgment order does not state the specific grounds on which it was granted, the non-movant on appeal must show that each ground alleged in the motion is insufficient to support the granting of the summary judgment. *Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 518 (Tex. App.—Austin 1991, writ denied); *City of Coppell v. General Homes Corp.,* 763 S.W.2d 448, 451 (Tex.App.—Dallas 1988, writ denied); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 891 (Tex.App.—El Paso 1983, no writ).

Young's five points of error challenge the defendant's meeting of the standards imposed above as to: (1) the securities statute of frauds; (2) the general statute of frauds; (3) the trusts statute of frauds; (4) the statute of limitations; and (5) an action to impose a constructive or resulting trust.

### The Securities Statute of Frauds

Young, in his first point of error, challenges the summary judgment as to the securities statute of frauds. The securities statute of frauds requires any contract for the sale of securities to be in writing. TEX.BUS. & COM.CODE ANN. § 8.319 (Vernon 1991) (Tex. U.C.C.). However, Young's pleading does not allege a sale of securities. It alleges that there was an agreement to hold securities in trust. Section 8.319 of the Texas Business and Commerce Code applies only to the sale of securities. *Id.* Therefore, the affirmative defense of the securities statute of frauds is ineffective against any of Young's claims. Summary judgment cannot lie based upon this statute.

### The General Statute of Frauds

Young, in his second point of error, claims that the defendants failed to plead and prove the affirmative defense under the general statute of frauds contained in Section 26.01 of the Business and Commerce Code.

All parties acknowledge that the provision of the general statute of frauds applicable to the instant case is that provision which prevents the enforcement of oral agreements not to be performed within one year. TEX.BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1987). However, this provision of the statute of frauds is not applicable where the contract, from its terms, could possibly be performed within a year. *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 775 (Tex.1974).

■ Young alleges that the consideration paid for the stock was services he rendered pursuant to the acquisition of Rick's Cabaret. He further alleges that the stock was issued in the names of Gentry and Fontenot, in trust for himself, so that Salah Izzedin would participate in the scheme and bring a liquor license into the business. Gentry and Fontenot, Young alleges, were to transfer the stock to Young at an unspecified later date. Viewed in the light most favorable to Young, we find the alleged agreement or agreements could have been performed within a year. Thus, all the elements necessary to support an affirmative defense, based upon the statute of frauds, pursuant to Section 26.01(b)(6) are not present. Therefore, a summary judgment cannot stand based upon the general statute of frauds.

### The Trusts Statute of Frauds

■ Young, in his third point of error, challenges summary judgment based upon the trusts statute of frauds contained in Section 112.004 of the Trusts Code. Young correctly points out that Section 112.004 applies only to trusts created January 1, 1984 and after. TEX.PROP.CODE ANN. § 111.006(1) (Vernon 1984). Prior to its repeal, Article 7425b–7, the predecessor to Section 112.004, was interpreted as allowing express oral trusts of personalty. *E.g., Brault v. Bigham*, 493 S.W.2d 576, 579 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.); *Ballard v. Ballard*, 296 S.W.2d 811, 816 (Tex.Civ.App.—Galveston 1956, no writ). Viewing the summary judgment evidence in the light most favorable to Young, the non-movant, the alleged trust was formed prior to the enactment of Section 112.004. Accordingly, any summary judgment granted on the basis that the al-

leged trust violated the statute of frauds contained within Section 112.004 must fail.

### Statute of Limitations

Young, in his fourth point of error, challenges summary judgment based upon the statute of limitations. The parties are in agreement that a four-year limitations period applies. TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). In contention, however, is the date when Young's cause(s) of action accrued. Young argues that no cause of action accrued until September 15, 1985, when Fontenot refused to sign a written agreement acknowledging the trust and conveyance. Fontenot contends that any cause of action arose on or about April 29, 1983, when the alleged agreement was made. Fontenot also argues that Young's Third Amended Petition states claims which are barred by limitations because they were not pleaded in any previous petition; neither do they relate to plaintiff's earlier pleadings. Young argues that all claims stated are based upon the same transaction, and therefore are not barred by limitations.

■ A cause of action accrues when facts come into existence which authorize a claimant to seek a judicial remedy. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977); *Williams v. Pure Oil Co.*, 124 Tex. 341, 345, 78 S.W.2d 929, 931 (1935); *Martinez v. Humble Sand & Gravel, Inc.*, 860 S.W.2d 467, 470 (Tex.App.—El Paso 1993), *rev'd on other grounds*, 875 S.W.2d 311 (Tex.1994). The uncontroverted summary judgment proof shows that Fontenot disavowed the alleged agreement in late August or September of 1985. The fact which authorized Young to seek a judicial remedy was this disavowal of the alleged agreement. Young filed suit on July 23, 1987, less than four years after Fontenot disavowed the agreement. Therefore, summary judgment cannot lie based upon the four-year statute of limitations.

In determining if a claim in an amended or supplemental petition is barred by limitations, we are governed by Section 16.068 of the Civil Practice and Remedies Code. TEX.

Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986). Section 16.068 provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is *wholly based on a new, distinct, or different transaction or occurrence.* [Emphasis added].

Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986).

As stated above, Young's cause(s) of action, if any, accrued at the latest in September of 1985 when Fontenot disavowed the alleged agreement. Young filed suit on July 23, 1987—less than four years after Fontenot disavowed the alleged agreement. Whether Young's cause of action sounds in contract, or breach of trust, the transaction or occurrence is that disavowal. The fact that allegations of breach of trust were not added until Young filed his October 1992 Third Amended Petition is irrelevant because those claims stem from the same transaction. Therefore, summary judgment will not stand on the basis of limitations as to the breach of trust claims.

### Resulting Trust

Young's pleadings sought the imposition of a resulting trust on the stock of Trumps, Inc., 3113 Bering Corporation, and Zu Corporation. Young, in his affidavit, states that he earned the stock for services rendered in the acquisition of Rick's Cabaret, and that the stock was issued in the name of Fontenot and Gentry, to be held in trust. Fontenot offers the affirmative defense of limitations, addressed above, and the argument that Young is not entitled to judgment by law.

■ When title to property is taken in the name of someone other than the person who pays the purchase price, a resulting trust is presumed in favor of the payor. *Tricentrol Oil Trading, Inc. v. Annesley,* 809 S.W.2d 218, 220 (Tex.1991); *Nolana Dev. Ass'n v. Corsi,* 682 S.W.2d 246, 250 (Tex.

1984); *Cohrs v. Scott,* 161 Tex. 111, 117, 338 S.W.2d 127, 130 (1960). Thus, the resulting trust operates as an equitable remedy designed to prevent unjust enrichment. *Nolana Dev. Ass'n,* 682 S.W.2d at 250. Resulting trusts are "intent trusts," and the *trust res* must have been taken in trust for some purpose which has terminated or become frustrated so that the law implies a trust for the equitable owner of the property. *Tricentrol,* 809 S.W.2d at 220, *citing Uriarte v. Petro,* 606 S.W.2d 22, 24 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); George T. Bogert, *Trusts & Trustees* § 451 at 225–26 (Rev.2d ed. 1991).

■ Young's affidavit asserts that he earned stock in the 3113 Bering Corporation in return for services he rendered in acquiring Rick's Cabaret for that corporation. Further, he asserted that the stock was issued in the name of Fontenot and Gentry so that Izzedin would participate in the venture by providing a liquor license. Fontenot has not disproved any factual element of Young's resulting trust claim; neither has he disproved, as a matter of law, that Young is entitled to recover under his pleadings. Therefore, summary judgment cannot lie on the resulting trust claim.

### Constructive Trust

Young, by his pleadings, sought the imposition of a constructive trust on the stock of Trumps, Inc., held by Fontenot and Watters. In his motion for summary judgment, Fontenot presents affirmative defenses of limitations, which we have addressed above, and that a constructive trust cannot be imposed where record title of the property on which the trust is sought was in the name of the constructive trustee at the time of the acts giving rise to the claim for constructive trust.

■ A constructive trust is an equitable remedy imposed to prevent unjust enrichment. *Meadows v. Bierschwale,* 516 S.W.2d 125, 131 (Tex.1974). Constructive trusts have a very broad function of redressing wrong in keeping with the basic principles of equity and justice. *Ginther v. Taub,* 675 S.W.2d 724, 728 (Tex.1984). The form of a constructive trust is "practically without limit, and its existence depends upon the

circumstances." *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex.1980), *citing Simmons v. Wilson,* 216 S.W.2d 847, 849 (Tex.Civ.App.—Waco 1949, no writ). A transaction can give rise to a constructive trust "where one party to that transaction holds funds which in equity and good conscience should be possessed by another." *Meadows,* 516 S.W.2d at 131. Young has alleged that Fontenot agreed to hold Young's stock in trust, that the shares held were issued in Fontenot's name, and that Fontenot refuses to reconvey the shares or acknowledge the trust. If these allegations are taken as true, as they must be in a summary judgment proceeding, Young has alleged unjust enrichment such that a constructive trust could be imposed. Therefore, summary judgment on the constructive trust claim cannot lie.

Fontenot argues that a constructive trust cannot be imposed on property where record title was in the hands of the person upon whom the trust would be imposed at the time of the acts alleged to give rise to the unjust enrichment. For this proposition he cites *Clifton v. Ogle,* 526 S.W.2d 596 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n.r.e.). We do not read the case as stating that rule. Furthermore, *Clifton* involved an attempt to impose a constructive trust where the defendant breached an oral promise to convey land. *Id.* at 599. The court refused to impose a constructive trust because the plaintiff made no substantial improvements to the land, and therefore there was no unjust enrichment of the defendant. *Clifton,* 526 S.W.2d at 601. Mere retention of title was not unjust enrichment. *Id.* The instant case does not involve an unenforceable oral promise to convey land, but, as alleged, an enforceable oral promise to hold stock in trust. Further, Young's affidavit clearly states that the consideration he gave for this stock was his efforts and services in acquiring Rick's Cabaret, which is supported by the deposition testimony of Fontenot. Therefore, Young's claim of unjust enrichment finds support in the evidence. We find *Clifton* distinguishable from the facts of this case.

Because Young has successfully challenged all grounds asserted in Fontenot's summary judgment motion, we cannot sustain the trial court's summary judgment.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.