Leonard v. Sargent 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00010-CV







Robert W. Leonard, Jr., Appellant



v.



Harrison James Sargent, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-12327, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







 In his only point of error, Robert W. Leonard, Jr., appellant, challenges the trial court's
grant of summary judgment in favor of Harrison James Sargent, appellee. Because the trial court
correctly concluded as a matter of law that Leonard's counterclaims are barred by his release of
Sargent, we find his point to be without merit. We will affirm the judgment of the trial court.



THE CONTROVERSY 

 In July of 1991, Sargent approached Leonard about a capital investment opportunity in
Rochelle Communications, Inc. Leonard eventually invested $200,000 through his contacts with Sargent. 
In January of 1992, Sargent entered into an employment contract with Rochelle Communications under
which his primary responsibility was raising capital funds. Nine months later, Rochelle Communications
terminated Sargent's employment. Following Sargent's termination, Sargent, Rochelle Communications,
and Leonard entered into a settlement agreement and release in full. Sargent agreed to release Rochelle
Communications and its investors from any claims pertaining to Sargent's employment and termination by
Rochelle Communications. Rochelle Communications and Leonard agreed to release Sargent from any
claims "arising from any alleged misrepresentations" made by Sargent "as an inducement to employment." 


 Sargent later sued Leonard (1) claiming that Leonard tortiously interfered with the employment
contract between Sargent and Rochelle Communications. Leonard raised the release as an affirmative
defense and counterclaimed against Sargent alleging frivolous filing, fraud, and fraud in stock transaction. 
Leonard also sought a declaratory judgment. Both parties moved for summary judgment and the trial court
granted a take-nothing summary judgment as to all claims of both parties. Only Leonard appeals.



THE STANDARD OF REVIEW

 In an appeal of a summary judgment we must determine whether the movant has carried
his burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a
matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). In
deciding whether the movant has carried this burden, we accept as true all evidence favorable to the
nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in his
favor. Nixon, 690 S.W.2d at 548-49. 

 As a counter-defendant to Leonard's counterclaims, Sargent must meet a defendant's
summary judgment burden. A defendant must disprove at least one essential element of each of the
plaintiff's causes of action or conclusively establish all essential elements of his affirmative defense as a
matter of law. See Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990); Young v.
Fontenot, 888 S.W.2d 238, 240 (Tex. App.--El Paso 1994, writ denied). Sargent's motion for summary
judgment contended that Sargent was released as a matter of law according to the settlement agreement. (2) 
The trial court rendered a take-nothing summary judgment as to all claims including all of Leonard's
counterclaims. The crucial issue presented here is whether the release barred Leonard's counterclaims
against Sargent. (3)



THE RELEASE
 This summary judgment is based on
uncontroverted facts and presents only questions of law. We must decide whether the trial court correctly
concluded that the release is unambiguous and reached a proper legal conclusion as to the content of the
release. See Asset Restructuring Fund., L.P. v. Liberty Nat'l Bank and Resolution Trust Corp., 886
S.W.2d 548, 550 (Tex. App.--Austin 1994, writ denied).

 A release is a contract governed by the law of contracts and the rules of contract
construction. See Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990). Whether a contract is
ambiguous is a question of law. R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 518
(Tex. 1980). When a contract can be given certain definite legal meaning or interpretation, it is not
ambiguous and summary judgment is proper. Derr Constr. Co. v. City of Houston, 846 S.W.2d 854,
862 (Tex. App.--Houston [14th Dist.] 1992, no writ). When construing a contract, the court's primary
responsibility is to ascertain and give effect to the intention of the parties to the contract by considering the
instrument as a whole, such that no provision will be rendered meaningless. R & P Enters., 596 S.W.2d
at 518-19. 

 The settlement agreement entered into by Leonard, Sargent, and Rochelle Communications
contains fourteen numbered paragraphs, the majority of which pertain to the final business affairs between
Sargent and Rochelle Communications arising out of Sargent's termination. However, one subparagraph
entitled "Limited Release" is designed to protect Sargent from any claim that Leonard or Rochelle
Communications might have against him; notably, it is the only part of the agreement in which Leonard is
mentioned by name. It states: 



ROCHELLE and Bob Leonard, Jr., release SARGENT from all claims they might have
against SARGENT arising from any alleged misrepresentations that SARGENT made to
ROCHELLE and Leonard as an inducement to employment of SARGENT by
ROCHELLE.



 Leonard argues that the release is limited in scope and does not apply to his counterclaims. (4) 
Sargent contends that Leonard's counterclaims arise out of alleged misrepresentations made by Sargent
in an effort to raise funds for his employer, Rochelle Communications, and thus the release applies.

 The clause at issue releases Sargent from "any alleged misrepresentations" made to
Leonard. The only allegation of misrepresentation set forth in Leonard's counterclaims is that Sargent
misled Leonard about his "management ability and ability to raise investment monies for Rochelle
Communications." The uncontroverted facts establish that Sargent's primary employment duty was to raise
capital funds and solicit investment in the company. Leonard contends that the inducement language
contained in the release limits its effect; however, the only inducement to Sargent's employment was his
money-raising ability. Thus, any potential misrepresentations arise solely out of Sargent's assertions as to
his ability to solicit investment, the very foundation of Leonard's counterclaims. In addition, Leonard was
specifically included in the provision of the agreement releasing Sargent even though he was not at any time
in a position to hire Sargent. To limit the release strictly to an employment context would make Leonard's
inclusion in the agreement a nullity.

 In context, all of Leonard's complaints about Sargent's solicitation of Leonard for
investment in Rochelle Communications fall within the scope of the release; to find otherwise would render
the release meaningless. See R & P Enters., 596 S.W.2d at 518-19. The trial court correctly concluded
as a matter of law that the release was unambiguous and that Leonard had effectively released Sargent from
liability for the conduct made the basis of Leonard's counterclaims. Therefore, summary judgment was
proper. See Derr Constr., 846 S.W.2d at 862.



CONCLUSION

 Accordingly, we overrule Leonard's point of error. We affirm the judgment of the trial
court. 



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: October 23, 1996

Do Not Publish
1.   The original defendants were Leonard, Robert W. Leonard, Jr. d/b/a Leonard Capital,
Inc., Robert F. Donathan, and Leonard Enterprises, Inc. Sargent non-suited Donathan prior
to judgment.
2. Leonard asserts that Sargent failed to present any evidence in support of his motion;
however, Sargent's summary judgment proof consisted of Leonard's counterclaim and motion
for summary judgment. The release upon which Sargent relied was attached to Leonard's
motion as an exhibit and was properly before the trial court as summary judgment evidence. 
See Tex. R. Civ. P. 166a.
3.   Although Leonard appeals the denial of all of his counterclaims, the only pertinent
counterclaims are his allegations of fraud. Leonard's declaratory judgment counterclaim did
not raise any issues not already raised in his affirmative defense. A party may not obtain a
declaratory judgment on the basis of an affirmative defense. Howell v. Mauzy, 899 S.W.2d
690, 706 (Tex. App.--Austin 1994, writ denied). Additionally, the trial court's order contained a
Mother Hubbard clause, which disposed of Leonard's frivolous filing counterclaim. Because the
granting of this type of relief and the determination of any applicable sanctions is within the discretion of
the trial court, no error is presented.
4.   Leonard argues that Sargent's motion failed to address Leonard's counterclaims for
fraud and fraud in securities transactions. Because the release encompassed all claims
arising out of Sargent's fundraising activities for Rochelle Communications, Leonard's
counterclaims were properly disposed of by summary judgment.



WP="BR2">

 Leonard argues that the release is limited in scope and does not apply to his counterclaims. (4) 
Sargent contends that Leonard's counterclaims arise out of alleged misrepresentations made by Sargent
in an effort to raise funds for his employer, Rochelle Communications, and thus the release applies.

 The clause at issue releases Sargent from "any alleged misrepresentations" made to
Leonard. The only allegation of misrepresentation set forth in Leonard's counterclaims is that Sargent
misled Leonard about his "management ability and ability to raise investment monies for Rochelle
Communications." The uncontroverted facts establish that Sargent's primary employment duty was to raise
capital funds and solicit investment in the company. Leonard contends that the inducement language
contained in the release limits its effect; however, the only inducement to Sargent's employment was his
money-raising ability. Thus, any potential misrepresentations arise solely out of Sargent's assertions as to
his ability to solicit investment, the very foundation of Leonard's counterclaims. In addition, Leonard was
specifically included in the provision of the agreement releasing Sargent even though he was not at any time
in a position to hire Sargent. To limit the release strictly to an employment context would make Leonard's
inclusion in the agreement a nullity.

 In context, all of Leonard's complaints about Sargent's solicitation of Leonard for
investment in Rochelle Communications fall within the scope of the release; to find otherwise would render
the release meaningless. See R & P Enters., 596 S.W.2d at 518-19. The trial court corre