### FINKS v. FITZPATRICK et al.
### No. 1307—5806.

Commission of Appeals of Texas, Section B.
April 21, 1932.

W. H. Flippen, John T. Gano, and W. N. Coombes, all of Dallas, R. T. Wilkinson, Jr., of Mount Vernon, and Black & Graves, of Austin, for plaintiff in error.

R. G. Storey and Baskett & De Lee, all of Dallas, and S. F. Caldwell and T. C. Hutchings, both of Mount Pleasant, for defendants in error.

SHORT, P. J.

This suit was originally filed by the defendant in error, H. L. Fitzpatrick, against J. Balie Finks, J. W. Gough, Dallas Club, W. C. Hickman, and his wife, Frankie Hickman, based upon a promissory note for $18,500, payable to H. L. Fitzpatrick, executed by J. Balie Finks, and to foreclose a deed of trust lien on two tracts of land in Titus county, Tex. The other original parties were alleged to be claiming some interest in the land. The suit apparently was prematurely brought, but there was an amendment to the petition filed after the note had matured. There were also two writs of sequestration issued and served. The defendant in error Fitzpatrick replevied the land after the plaintiff in error, J. Balie Finks, had failed to do so. During the trial, it developed that the note which was the basis of the suit, while payable to H. L. Fitzpatrick, had been, and continued to be, the property of a partnership known as Bailey, Burns & Fitzpatrick, composed of R. M. Bailey, L. P. Burns, and H. L. Fitzpatrick. The trial judge permitted the partners to become plaintiffs in the case.

There was a trial to a jury, who answered certain special issues, and, upon the answers to these issues, a judgment was rendered in favor of Bailey, Burns & Fitzpatrick, partners, against J. Balie Finks for the amount of the note, interest, and attorney's fees, and the deed of trust lien was ordered foreclosed and the land sold. W. C. Hickman and Frankie Hickman also recovered a judgment for $219.50 against J. Balie Finks. The original defendants, Gough and Dallas Club, passed out of the case, because neither seemed to have had any interest in the subject-matter of the suit. J. Balie Finks having prosecuted an appeal to the Court of Civil Appeals at Texarkana, that court affirmed the judgment of the district court of

Titus county. 30 S.W.(2d) 419. The pleadings, as well as the testimony in this case, are very voluminous, but the nature of both are partially disclosed by the statement made in the opinion of the Court of Civil Appeals to which we refer. The plaintiff in error, J. Balie Finks, applied for a writ of error, which has been granted.

The plaintiff in error, Finks, among other things, alleged in his answer that the promissory note, signed by him, and the deed of trust, executed by him to secure the payment of the note on two tracts of land described in the deed of trust, were executed and delivered in the form they were by reason of an agreement previously made between him and H. L. Fitzpatrick, individually, and one Odric Clement, who were engaged in a joint adventure, having for its purpose the improvement of the two tracts of land in Titus county, to be used as an amusement park, wherein Fitzpatrick was to make certain improvements on the land, and was to be reimbursed by the sale of memberships in a club, a portion of the membership price to be retained by Fitzpatrick, and the remainder to be applied to the payment of the indebtedness represented by the promissory note described in the petition. There was considerable oral testimony on many issues presented by the pleadings having reference to the various transactions between the parties, but, in the view we have taken of the case, it will not be necessary to discuss them, inasmuch as these issues will probably not be material upon another trial of the case.

The second assignment of error in the application for the writ of error, which is also submitted as a proposition, is as follows: "The Court of Civil Appeals erred in overruling and in not sustaining defendant's Eleventh Proposition and the Assignments of Error upon which the same was based and in holding that the written contract made by plaintiff, Fitzpatrick, with one O. Clement, did not conclusively show that the title to the property was placed in the name of the defendant, Finks, so that he might execute the note and mortgage lien merely as a matter of accommodation to the plaintiff, Fitzpatrick, and that said contract did not show that Fitzpatrick had released the defendant from liability on said note and was bound to look only to Clement for payment thereof."

The plaintiff in error, Finks, among other things, pleaded that H. L. Fitzpatrick and himself, together with O. Clement, had entered into a joint undertaking for the purchase of the properties involved, wherein the same was to be improved by the building of a dam and clubhouse thereon and that the plaintiff in error, together with Clement, had secured options and rights to purchase the lands upon which the deed of trust was after-

wards executed, and that Fitzpatrick undertook to finance and build a dam and clubhouse on the lands, and that, after the completion of such improvements, Fitzpatrick advised the plaintiff in error and Clement that it was necessary to have some evidence of the indebtedness covering the moneys that he had been out on the building of the dam and clubhouse in order that he might satisfy his partners, he being a member of the partnership above mentioned, and thereupon they all agreed to place the properties in the name of the plaintiff in error, Finks, and to have him execute this evidence of indebtedness as a matter of accommodation to Fitzpatrick, and also to enable the three parties the easier to raise money on such evidence of indebtedness to complete the financing of their joint project. The plaintiff in error, Finks, upon the trial of the case, filed a pleading asking the court to require the original plaintiff, Fitzpatrick, and also his partners, who had come into the case, to implead O. Clement and his wife as well, and, in support of the claim that Clement and his said wife were necessary parties, the plaintiff in error introduced a certain written instrument, dated March 14, 1928, executed by Fitzpatrick and by Clement and their respective wives, which instrument recited, among other things, that Fitzpatrick had previously entered into a contract with O. Clement and J. Balie Finks to complete, construct, and erect certain improvements on certain real property situated in the county of Titus in the state of Texas, which property was described and identified as being the same property described in the deed of trust executed by the plaintiff in error, Finks, and also recited that said work was completed and paid for by Fitzpatrick, and that it was done to the satisfaction of Clement and wife. This instrument further recited that Clement and wife recognized the existence of a mechanic's lien and of a deed of trust covering the property; the same deed of trust which was described in the original plaintiff's petition. This instrument, among other things, contained these recitations: "This deed of trust and this mechanic's lien are recorded by the County Clerk of the County of Titus State of Texas. All parties to this agreement fully understood that the reason of this security being signed by J. Balie Finks was that the property in question *was not sold to J. Balie Finks but was transferred to J. Balie Finks by O. Clement for the purpose of using as collateral for financing these improvements.*" (Italics ours.)

The same contract further provides that: "Should this property and the improvements thereon become now or at any future time the property of O. Clement and his wife, Eula Jeane Clement, that they will protect, acknowledge and satisfy the indebtedness as outlined in the paragraph next above."

And the next succeeding paragraph pro-

vides as follows: "It is agreed and understood that should this property and the improvements, thereon come into the possession of said H. L. Fitzpatrick and his wife Anne McCall Fitzpatrick that it shall be held by him or them, or their heirs operated or promoted until such time as the revenue therefrom has been secured to satisfy in full all indebtedness thereon and at such time as this indebtedness has been paid in full the property will be turned back and deeded to O. Clement and his wife, Eula Jeane Clement."

This instrument was duly acknowledged and in fact recorded in the records of Titus county. It was not in any way disputed, and each and every statement therein was necessarily established by its own recitations. According to these provisions, the plaintiff in error, Finks, was not to be liable for the indebtedness evidenced by the promissory note, since it was expressly recited that should the property come into the possession of Clement and wife then they should satisfy the indebtedness; and that if it should come into the possession of Fitzpatrick and wife, then the property should be held by them until the revenues therefrom should satisfy the indebtedness; and that after the indebtedness had been satisfied "the property will be turned back and deeded to O. Clement and his wife, Eula Jeane Clement." These provisions show that the parties understood that the conveyance to Finks was made merely in order that the note might be executed and the lien created, to accomplish the purposes of the parties, and that, after the indebtedness. should be satisfied, the property should be conveyed back to Clement and wife.

The court refused to sustain the contention of the plaintiff in error that O. Clement and his wife, Eula Jeane Clement, were necessary parties, and an exception was taken to this ruling, and the Court of Civil Appeals having refused to sustain the contention of the plaintiff in error, as set forth in the foregoing assignment, and it appearing that O. Clement and his wife, Eula Jeane Clement, were necessary parties, and without them any judgment which might be rendered would be invalid, it is only necessary for us to say that the judgment rendered, with the record in this condition, is without validity, and that the Court of Civil Appeals erred, as well as the district court of Titus county, in failing to stop the proceedings until O. Clement and his wife, Eula Jeane Clement, had been made parties, for the reason that it conclusively appears, by the undisputed testimony, that no final judgment could be rendered without disposing of the rights and obligations of O. Clement and his wife, Eula Jeane Clement.

Inasmuch as these provisions of this written instrument show that the transaction presents the situation claimed by the plaintiff in error, and also show a recognition on the part of Fitzpatrick, the original plaintiff, of the primary liability to him of Clement and his wife, neither of whom are made parties, and both of whom are shown to have been necessary parties, we recommend that the judgments of the Court of Civil Appeals and of the district court of Titus county be reversed, and that the cause be remanded to the district court of Titus county, with instructions to require the parties to replead this case; and that the defendants in error, Bailey, Burns & Fitzpatrick, as a partnership composed of R. M. Bailey, L. P. Burns and H. L. Fitzpatrick, be required to implead O. Clement and his wife, Eula Jeane Clement, who are shown to be residents of Titus county, Tex., either as plaintiffs or as defendants; and that upon another trial of the case such judgment shall be rendered as the law under the pleadings and the facts shall require.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, with instructions, as recommended by the Commission of Appeals.

We appove the holdings of the Commission of Appeals on the questions discussed in its opinion.