W. C. TURNBOW PETROLEUM COMPANY v. EDWIN M. FULTON.

No. A-758. Decided April 10, 1946.
Rehearing overruled May 22, 1946.
(194 S. W., 2d Series, 256.)

*H. P. Smead,* of Longview, and *Clay Cooke,* of Fort Worth, for petitioner.

The appeal to the Court of Civil Appeals having been perfected as required by law it was error for that court to sustain a motion to dismiss the appeal on the grounds that the transcript was filed too late, and in not finding the facts and conclusions upon which its action was based. Burrage v. Hunt Prod. Co., 114 S. W. (2d) 1228; O'Donnell v. Chambers, 163 S. W. 138; Shipp v. Anderson, 173 S. W. 598; Sinclair v. City of Center, 107 S. W. (2d) 921.

*Florence, Florence & Meredith* and *G. L. Florence,* of Gilmer, *Vinson, Elkins, Weems & Francis* and *C. E. Bryson,* of Houston, for respondent.

The appeal bond and the record were neither filed within the time required by the Rules of Civil Procedure. Hamilton v. Empire Gas & Fuel Co., 134 Texas 377, 110 S. W. (2d) 561; Horwitz v. Finklestein, 182 S. W. (2d) 751; Simmons v. Fisher, 46 Texas 126.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The action is for debt brought by respondent against petitioner. The case was tried by the court without a jury, and after overruling petitioner's plea to the jurisdiction, the court, on March 30, 1945, rendered judgment for respondent against petitioner for $3,704.62. Petitioner, on April 3, 1945, filed a formal motion for new trial containing allegations of errors in general terms. On April 23, 1945, petitioner filed an amended motion for new trial containing many grounds of error alleged with particularity. The transcript does not show that leave of court was obtained to file the amended motion. It contains an order of the trial court, made May 21, 1945, reciting that petitioner's motion for new trial was on that day presented to the court in due manner and form and with due notice, and overruling the motion. The order contains a recital that petitioner excepted and

gave notice of appeal. Petitioner's appeal bond was filed in district court on June 18, 1945, and the transcript and statement of facts were filed in the Court of Civil Appeals on July 19, 1945.

Respondent, appellee in the Court of Civil Appeals, filed in that court a motion to dismiss the appeal on two grounds: That the appeal bond was not filed within the time required by the rules of civil procedure, and that the record was not filed in the Court of Civil Appeals within the time required by the rules of civil procedure. The motion shows that the contention of respondent was and is that the amended motion for new trial was a nullity because it was filed without leave of court, that the original motion for new trial was overruled by operation of law on May 3, 1945, that is, on the expiration of thirty days from April 3, when it was filed, and that the appeal bond should have been filed in the trial court within thirty days and the transcript and statement of facts should have been filed in the Court of Civil Appeals within sixty days from May 3, 1945. Rules 356, 386. The motion to dismiss also directs attention to the fact that the amended motion for new trial was not signed by petitioner or by his attorneys. The Court of Civil Appeals, without writing an opinion, rendered judgment sustaining the motion and dismissing the appeal for want of jurisdiction.

Since the district court of Upshur County has successive terms in said county throughout the year, the applicable rules of practice and procedure in civil actions are those set out in the several subdivisions of Rule 330, which subdivisions, except for a few minor changes, are the same as the several sections of Article 2092 of the revised civil statutes. It is provided by subdivision (k) of Rule 330 that the motion for new trial shall be filed within ten days after the judgment is rendered, and that it may be amended by leave of court at any time before it is acted on within twenty days after it is filed; and by subdivision (j) that the motion for new trial, whether original or amended, must be presented within thirty days after it is filed and must be determined within forty-five days after it is filed, unless by written agreement the decision of the motion is postponed to a later date.

Rule 320, in the language of Article 2232 of the Revised Civil Statutes, provides that motions for new trial "shall be in writing and signed by the party or his attorney." Pleadings are required by Rule 45, formerly Article 1997, to be in writing and signed. Counsel should sign their names to motions and pleadings "to make themselves responsible for what is stated in them,

and so as to leave no doubt as to the parties for whom they appear." Simmons v. Fisher, 46 Texas 126, 129. But it has often been held that the signature to a pleading is a formal requisite and that failure to comply with the requirement is not fatal to the pleading. Boren v. Billington, 82 Texas 137, 138, 18 S. W. 101; Fidelity & Casualty Co. v. Lopatka, 60 S. W. 268; O'Donnell v. Chambers, 163 S. W. 138, application for writ of error refused; Shipp v. Anderson, 173 S. W. 598; Simmons v. Fisher, 46 Texas 126, 129.

■ The amended motion for new trial filed in the instant case recites that it is filed in behalf of the defendant, and that it is intended to amend the original motion for new trial, which was signed by both of the attorneys for the defendant. At the end of the amended motion there are two blank lines, under which appear the words "Attorneys for Deft. W. C. Turnbow Petroleum Corporation." The court would not be justified in treating this motion as a nullity merely because counsel failed to sign their names to it. Of course, the trial court may require counsel to sign a pleading or motion that has been filed unsigned.

■ The more serious contention made by respondent in support of his motion to dismiss the appeal is that the amended motion was of no effect whatever because it was filed without leave of court. It is insisted tht the obtaining of leave to amend is a mandatory requirement. Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031, is cited. The opinion in that case, in discussing section 29 of Article 2092, now subdivision (k) of Rule 330, contains the following: "Section 29 in exact and particular language defines the conditions upon which a motion for new trial may be amended. They are: First, that leave of court must be obtained; second, that it can be amended only before it is acted upon; and third, that the amendment must be made within twenty days after the filing of the motion. Only on these terms is the amendment permitted." This language is positive and seems intended to mean that the requirement as to obtaining leave is mandatory. It is perhaps more positive in respect to the question of leave to amend than is justified by the words of the section or subdivision, which are that the motion "may be amended by leave of the court." The words quoted from the opinion are followed by the statement that "We therefore construe section 29 to mean, since the amendment of Section 28, that an amended motion for new trial must be filed within twenty days after the original motion is filed, and that no amended motion may be filed after the expiration of that period." That case involved no question as to leave to

amend. The parties who filed the amended motion asked and were granted leave to file it, but the amended motion was filed more than twenty days after the filing of the original motion. The contention made in that case by the relators was that the provisions of section 28, even after its amendment, and of section 29, fixing the time within which an amended motion for a new trial may be filed, and must be presented and determined, were directory and not mandatory. The decision was that the provisions as to time were mandatory and that because the amended motion was filed too late, and after the original motion for new trial had been overruled by operation of law, the trial court had no authority either to permit its filing or to pass upon it.

We do not mean to encourage failure to obtain leave to amend, or to intimate that it is not important that it be obtained. In the interest of orderly practice and to give the opposing party notice of the intention to amend and to afford the trial court the opportunity, for good reason and under proper circumstances, to decline to grant leave to amend, leave should be requested and a record made of the court's action on the request. However, in our opinion, an amended pleading or motion filed without first obtaining leave is not always to be treated as of no effect whatever.

In a very early decision this court said. in reference to an amended pleading which did not appear to have been filed with leave of court:

"The amendment fully obviates this objection. To this it is objected that it does not appear to have been filed with leave of the Court. This is an irregularity; but not such an one as should deprive a party of his right. It is the right of a party to amend, subject only to the qualification that the amendment be proper and in proper time. The leave of the Court is a matter of course. Its only object is to give notice of the proposed amendment. Its omission—the frequent result of inadvertence in the preparation of amendments—should not deprive a party of the benefit of his amendment, unless the omission has been the occasion of surprise or prejudice to the opposite party." Connell v. Chandler, 11 Texas 249, 253. See also Teas v. McDonald, 13 Texas 349, 354.

In Hopkins v. Seay, 27 S. W. 899, the defendants, without leave of court, filed an amended answer. On motion of the plaintiff the court struck out the amended answer because it was filed without leave. Thereupon the defendants, before the case was called for trial, requested permission to file the amended

answer and the court refused to grant the request. Because of that action of the trial court the Court of Civil Appeals reversed the judgment and remanded the cause. The statute, then Article 1192, Revised Civil Statutes of 1879, provided that "the pleadings may be amended under leave of court, upon such terms as the court may prescribe, before the parties announce themselves ready for trial, and not thereafter." The court cited and quoted from Boren v. Billington, 82 Texas 137, 18 S. W. 101, as holding that the statute is construed to be mandatory and that refusal to grant leave to amend at a proper time is ground for reversal. The court said: "Failure to obtain leave from the court to file the amendment was an irregularity, but not of such character as to justify the action taken by the court."

It was held in Finks v. Fitzpatrick, 30 S. W. (2d) 419, (reversed on another point in 48 S. W. (2d) 593) that the effect of the trial court's act in overruling the defendant's motion to strike the plaintiff's amended petition, filed while the court was in session and without leave to file it having been first obtained, was to determine that the plaintiff was entitled to file the amended petition.

■ Looking to the transcript in the instant case, we find that the original motion for new trial was filed April 3, 1945, which was within ten days after the judgment was rendered; that the amended motion for new trial was filed on April 23, 1945, which was within twenty days after the original motion was filed; that the motion of petitioner for new trial was presented to the court and overruled by the court's order on May 21, 1945, which was within thirty days after the amended motion was filed; and that the appeal bond was filed in the trial court within thirty days, and the transcript and statement of facts in the Court of Civil Appeals within sixty days, from May 21, 1945.

In view of the authorities last cited, it is our opinion that the amended motion for new trial is not to be treated as a nullity on account of failure first to obtain leave to file it, and that the effect of the court's order overruling petitioner's motion for new trial was to determine that petitioner was entitled to file the amended motion, or thus, after the motion had been filed, to give permission for its filing. When this effect is given to the court's order in the transcript, all of the steps looking to the perfecting of the appeal were taken within the times required by the rules. There remains only the irregularity that the transcript does not show that petitioner obtained, before or at the time when the amended motion was filed, leave of court to file it.

This irregularity, or failure to comply with the rules, we think was cured by the trial court's action in entertaining the motion and overruling it.

■ It is unnecessary to discuss in detail the contents of the certificate under oath made by the trial judge and the affidavits made by counsel for petitioner that were filed in the Court of Civil Appeals in aid of and in opposition to the motion to dismiss. The facts set out in those instruments do not contradict the material facts disclosed by the record made in the trial court appearing in the transcript. We assume for the purpose of deciding the question before us that counsel for petitioner did not obtain, before filing the amended motion, leave of court to file it, and that the trial judge did not know that the amended motion for new trial had been filed when he signed the order overruling the motion. The certificate and the affidavits show the following facts: One of counsel for petitioner, believing that May 21, 1945, was the last day on which the motion for new trial could be presented, on May 17 or 18 telephoned the trial judge, who was holding court in another county, and requested that he hear the motion for new trial on May 21, 1945. The trial judge advised him that he had cases set for trial on that day and could not hear the motion then, and told counsel, when asked whether he desired to hear oral argument, that no argument was desired. Thereupon it was agreed by counsel and the trial judge that counsel would prepare an order overruling the motion, and that the judge would sign it and file it with the clerk not later than May 21, 1945. The order prepared by counsel and mailed to the trial judge contained in its face the words "amended motion." Not knowing that an amended motion had been filed, the trial judge struck out the word "amended" before filing the order with the clerk. He did not advise petitioner's counsel that he had stricken the word from the order.

It is apparent that there was a misunderstanding between the trial court and counsel for petitioner, the former believing that the order he signed had reference to the original motion for new trial, and counsel, in the telephone conversation with the trial judge and in preparing the order, making reference to the amended motion. This would not have occurred if the motion and the order had been presented by counsel in person to the court, for then the court would have been informed of the filing of the amended motion and doubtless would have signed the order as it was prepared.

Under the circumstances, the order should be treated as referring to the amended motion and as overruling it. The order

could not have had any effect as far as the original motion was concerned, for that motion had been superseded by the amended motion, or if the amended motion were disregarded, the original motion had theretofore been overruled by operation of law. The order could have effect as an order overruling the amended motion. In favor of the right of appeal, a liberal rather than a strict construction has been given to the record before us. Patrick v. Pierce, 107 Texas 620, 183 S. W. 441; Blalock v. Slocomb, (Com. App.) 245 S. W. 648. In our opinion, the motion to dismiss the appeal should have been overruled.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

Opinion delivered April 10, 1946.

Rehearing overruled May 22, 1946.