**F. K. PARKER, Appellant,**

v.

**GULF, COLORADO & SANTA FE RAILWAY COMPANY, Appellee.**

No. 202.

Court of Civil Appeals of Texas.

Tyler.

March 17, 1966.

James A. Doherty, San Augustine, for appellant.

Chilton O'Brien, Beaumont, Ramsey, Ramsey & Smith, San Augustine, for appellee.

SELLERS, Justice.

This suit originated by plaintiff, W. K. Knight, against defendant, Gulf, Colorado & Santa Fe Railway Company, for damages resulting from defendant's train killing three head of plaintiff's cattle on defendant's right-of-way in San Augustine County, Texas. The defendant filed a cross action against third party defendant, F. K. Parker, alleging liability over against third party defendant, based on alleged lease agreement entered into between railway company and Parker.

Upon a jury verdict on special issues, the court entered judgment for plaintiff, W. K. Knight, against the defendant railway company for the value of the cattle and gave the defendant railway company judgment over against F. K. Parker for the amount recovered against it by W. K. Knight based upon the lease agreement between the railway company and F. K. Parker. From this judgment, F. K. Parker alone has appealed.

It would appear from the record that F. K. Parker was renting pasture to W. K. Knight for his cattle and that Knight's cattle escaped from this pasture onto the defendant railway company's track and were killed. The appeal does not involve Knight's right of recovery from the railway company.

The appeal is by Parker from a judgment against him by the defendant railway company on its cross action to be reimbursed for the amount of the judgment Knight recovered against the defendant railroad.

The defendant railroad, in its cross action against Parker, pled a written lease agreement with Parker to rent him the land from which the cattle escaped, with a provision in the lease that Parker was to build and maintain a fence along the right-of-way sufficient to prevent cattle from escaping from the pasture onto the railroad's right-of-way. It further provided that in the event cattle should escape onto the railroad right-of-way and were killed, that he (Parker) would save the railroad from damages.

The defendant Parker answered defendant railroad's cross action against him by a general denial.

Prior to the trial of the case, the attorney for the railway company filed with the clerk of the court an application for certain admissions of facts directed to defendant Parker as provided for in Rule 169, Rules of Civil Procedure. The substance of these requests was to prove the alleged lease contract between the parties. Although Parker admittedly received the requests for admissions, he and his attorney failed to make answer to the same as required by the Rule. On the trial the court admitted the requests for admissions in evidence over the objection of defendant Parker that the same were not signed by the written signature of the attorney for the railroad company. The requests for admissions were in due form, bearing the style of the case and bearing the typewritten signature of the attorney for the railroad. The copy served upon Parker was signed by the attorney for the railroad in all spaces provided for his signature.

We do not find language in the Rule specifically requiring the personal signature of the attorney requesting the admissions in order to render them valid, and the assignment is overruled; but, should such signature be required, no harm could possibly have resulted to defendant Parker for the reason he admittedly received his copy of the instrument with the signature of the attorney on the same. W. C. Turnbow Petroleum Corporation v. Fulton, 145 Tex. 56, 194 S.W.2d 256.

The cross-defendant Parker on the trial gave certain evidence that the railroad company tore down the fence, or at least participated in tearing it down, along with the telephone company, and that was where the cattle got out. The appellant, Parker, has assigned error of the trial court in refusing to submit certain special issues requested by him, raised by the above evidence. The court refused the requested issues for the reason there was no pleadings authorizing the same. The trial court is authorized to submit only those issues raised by the pleadings and evidence. The court is not required to submit issues raised by the evidence where there are no pleadings to authorize the same. Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769.

Finding no error in the record, the judgment of the trial court is affirmed.