COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-134-CV
 
 
KAREN 
SUZANNE GREENE                                                     APPELLANT
 
V.
 
JAMES 
GLENN GREENE                                                            APPELLEE
 
 
------------
 
FROM 
COUNTY COURT AT LAW OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Karen Suzanne Greene (“Suzanne”) appeals from the property division ordered 
in her divorce from Appellee James Glenn Greene.  Suzanne did not appear at 
trial, but her attorney did.  He orally moved for a continuance on her 
behalf, stating that she had told him the preceding day that she was visiting 
with James and would be at the trial.  The trial court denied the 
continuance.  Before the close of evidence, Suzanne’s lawyer stated on 
the record that he had done very little discovery based on Suzanne’s 
instructions to avoid the added expenses.  After the trial court signed the 
decree, Suzanne moved for new trial, contending that her absence from the trial 
was based on her trust in James and her reliance on alleged fraudulent 
misrepresentations that he had made regarding the property division.
        At 
the hearing on the motion for new trial, Suzanne testified that she did not 
appear because James told her that she would be taken care of, that she would 
retain her part of the community business, and that he would support her.  
She also claimed that he led her to believe that her testimony could jeopardize 
the business.  She testified that she relied on his representations.  
She testified that he made these representations on the evening before trial at 
her home.  She further testified that for thirty days after the trial, he 
continued to financially support her and communicate with her, leading her to 
believe in the possibility of reconciliation.  The phone calls and the 
support stopped by March 7, about five weeks after the judgment was 
signed.  Suzanne also testified that James had told her that he would pay 
off the house and the truck.  James also testified, denying all of 
Suzanne’s allegations.  The trial court took judicial notice of the file.
        Our 
review of the clerk’s record shows that during the pendency of the divorce, 
Suzanne sought and received two temporary restraining orders (“TROs”) 
protecting the community property.  She also applied for a protective 
order.  Her attached affidavit to the application for the protective order 
provides, “I fear that unless restrained, that [James] will sell and dispose 
of assets of the company, as well as personal assets, which are community in 
nature, including the equipment at the concrete plant, trucks, mixers, loaders, 
and all related equipment, and funds on deposit in banks and other financial 
institutions.”
        After 
noting on the record that Suzanne made a postanswer conscious affirmative choice 
not to appear in court, the trial court denied Suzanne’s motion for new 
trial.  Suzanne appeals from the denial of the motion for continuance and 
the motion for new trial.  Because we hold that the trial court did not 
abuse its discretion in denying the motions, we affirm the trial court’s 
judgment.
        Due 
to its potential dispositive effect on this appeal, we first address an argument 
raised by James.  In his brief, James contends that Suzanne’s motion for 
new trial was not timely filed and is a nullity.  If the motion for new 
trial was untimely, then so was the notice of appeal in this case.[2]  If the notice of appeal was untimely, then we do not 
have jurisdiction over this appeal.[3]
        The 
judgment was signed on January 31, 2003.  An unsigned motion for new trial, 
verified by Suzanne, was timely submitted on February 27, 2003.[4]  
The attorney filed a corrected signature page on March 24, 2003, more than 
thirty days after the judgment was signed.  The order denying the motion 
for new trial was signed on April 28, 2003, less than 105 days after the 
judgment was signed.[5]  The absence of the 
attorney’s signature did not make the original motion a nullity.[6]  Instead, the motion was a conditional motion until 
the signature was filed, and the filing of the conditional motion triggered the 
appellate timetables.[7]  Consequently, the 
signature was filed and the hearing was held within the trial court’s plenary 
power.  We therefore conclude that Suzanne’s motion for new trial was 
timely and we do have jurisdiction over this appeal.
        In 
her first issue, Suzanne contends that the trial court abused its discretion by 
denying her oral motion for continuance.  If a motion for continuance is 
not made in writing and verified, it will generally be presumed that the trial 
court did not abuse its discretion in denying the motion.[8]  
We overrule Suzanne’s first issue.
        In 
Suzanne’s second, third, fourth, and sixth issues, she complains that the 
trial court abused its discretion in denying her motion for new trial based upon 
James’s alleged fraud.  As this court has previously held,
 
A 
party moving for a new trial has the burden of establishing by convincing 
evidence the existence of newly discovered evidence by showing the following 
elements:
 
1. 
Admissible, competent evidence must be introduced on the hearing of the motion 
for new trial showing the existence of the newly discovered evidence relied 
upon.
 
2. 
The moving party must show he or she had no notice of the existence of such 
evidence prior to the time of trial.
 
3. 
The moving party must show that due diligence had been used to procure the 
evidence prior to trial.
 
4. 
The moving party must show that the evidence is not merely cumulative to that 
already given and does not tend only to impeach the testimony of the adversary.
 
5. 
The moving party must show that the evidence would probably produce a different 
result if a new trial were granted.[9]

 
        Suzanne 
points out that no case has addressed standards for granting a motion for new 
trial based on extrinsic fraud of a party.  Accordingly, we apply the 
traditional newly-discovered-evidence standard recited above.  At the 
hearing on the motion for new trial, Suzanne did not establish that the property 
division, already in her favor, would have been any different had a new trial 
been granted.  Suzanne has not satisfied the fifth prong of the 
newly-discovered-evidence test.  Based on the above, we cannot say that the 
trial court abused its discretion.  We overrule Suzanne’s second, third, 
fourth, and sixth issues.
        In 
her fifth issue, Suzanne requests that we create a new standard for motions for 
new trial based on allegations of extrinsic fraud.  We decline to create 
law, leaving that instead to the supreme court or the legislature.  We 
overrule Suzanne’s fifth issue.
        Having 
overruled all of Suzanne’s issues, we affirm the trial court’s judgment.
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
DELIVERED: 
June 24, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. Civ. P. 329b(a) 
(providing that motion for new trial shall be filed within thirty days after 
judgment is signed); Tex. R. App. P. 
26.1 (providing general rule that notice of appeal must be filed within thirty 
days after judgment is signed).
3.  
See Tex. R. App. P. 2 
(recognizing that appellate courts have no authority to alter the time for 
perfecting an appeal in civil cases); Verburgt v. Dorner, 959 S.W.2d 615, 
616 (Tex. 1997).
4.  
See Tex. R. Civ. P. 320, 
329b(a).
5.  
See Tex. R. Civ. P. 
329b(c), (e).
6.  
See W.C. Turnbow Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256, 
257 (Tex. 1946) (holding that absence of attorneys’ signatures from amended 
motion for new trial did not make the motion a nullity and recognizing that 
“the signature to a pleading is a formal requisite and that failure to comply 
with the requirement is not fatal to the pleading”).
7.  
See Garza v. Garcia, 47 Tex. Sup. Ct. J. 570 (Tex. May 14, 2004) 
(holding conditional motion triggers appellate deadlines, invoking appellate 
jurisdiction, even if required filing fee is never paid); Tate v. E.I. DuPont 
de Nemours & Co., Inc., 934 S.W.2d 83, 84 (1996) (holding motion for new 
trial was conditionally filed when presented to trial clerk without filing fee, 
triggering appellate deadlines and invoking appellate jurisdiction).
8.  
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); S.W. Country 
Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex. 
App.—Fort Worth 1999, pet. denied).
9.  
Dankowski v. Dankowski, 922 S.W.2d 298, 305 (Tex. App.—Fort Worth 1996, 
writ denied).