**AFFIRMED and Opinion Filed June 6, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-22-00053-CV
_____

## IN THE INTEREST OF A.W., K.W., AND C.B., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-18501**

_____

## No. 05-22-00054-CV
_____

## IN THE INTEREST OF A.H., A CHILD

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-22246**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Garcia

After a jury trial, the trial court rendered two judgments terminating the

parent–child relationships between four children, their mother, and their respective

fathers. Mother appeals the judgments, arguing only that the judgments are void

because the trial court had previously lost jurisdiction over the cases by operation of

Family Code § 263.401. As we discuss below, we conclude the trial court did not

lose jurisdiction because third parties filed termination petitions not subject to § 263.401 before the jurisdictional deadline ran. We affirm the judgments.

## I. Background

These appeals arise from three different trial-court proceedings. We discuss them to the extent necessary to place Mother's arguments in context.

### A. Case No. DF-16-18501, the first case

This case began in 2016 when the attorney general filed a petition seeking to establish the parent–child relationship and determine each parent's rights and duties as to two children: F.W., born in 2014, and K.W., born in 2015. While the case was pending, child-abuse allegations as to F.W. emerged, and the Department intervened seeking termination of each parent's rights as to both children. Mother gave birth to A.W. in 2017, and the Department filed an amended petition adding A.W. and seeking to terminate parental rights as to A.W.

Eventually the court entered a June 2018 order that named Mother and maternal grandmother joint managing conservators of all three children.

Five months later, on November 5, 2018, the Department filed a motion to modify and original petition for protection of the children, for conservatorship, and for termination of the parent–child relationship as to K.W. and A.W. The attached affidavit recited that three days earlier Mother had delivered F.W. to a hospital with a broken nose, broken leg and hand, bruising, bed sores and burns. F.W. died the same day that Mother took her to the hospital.

**B. Case No. DF-18-22246, the second case**

Also on November 5, 2018, the Department filed a separate petition to terminate Mother's parent–child relationship with another daughter, A.H., who was born in 2012. This separate case was assigned case number DF-18-22246.

**C. Case No. DF-19-02014, the third case**

In January 2019, while the above cases were pending, Mother gave birth to C.B. Four days after C.B.'s birth, the Department filed an original petition to terminate Mother's parent–child relationship with C.B. This separate case was assigned case number DF-19-02014.

**D. Subsequent Proceedings**

The three lawsuits thereafter proceeded together.

On October 15, 2019, the trial judge signed an order extending the trial court's jurisdiction in the first two cases until May 8, 2020.

On January 29, 2020, the trial judge signed an order extending the trial court's jurisdiction in the third case until July 31, 2020. The order also set the case for trial to begin April 27, 2020.

On April 20, 2020, the trial court issued another extension order, purporting to extend its jurisdiction in the first and second cases pursuant to the Texas Supreme Court's March 13, 2020 First Emergency Order Regarding the COVID-19 State of Disaster. The order recited that the court's jurisdiction was extended "until no earlier than 30 days after" the supreme court's emergency order was lifted.

On March 18, 2021, the trial judge signed an order bearing all three case numbers that invoked the supreme court's COVID-19 emergency orders and extended the trial court's jurisdiction over the cases until September 1, 2021.

On June 29, 2021, the trial judge signed another order that bore all three case numbers, invoked the COVID-19 emergency orders, and extended the trial court's jurisdiction over the cases until December 1, 2021.

In November 2021, the three cases were tried together before a jury. The jury made findings that supported terminating Mother's parent–child relationships with all four children.

On November 15, 2021, the trial judge signed an order transferring and consolidating the third case into the first case.

On January 7, 2022, the trial judge signed a judgment in the second case terminating Mother's parent–child relationship with A.H. and a separate judgment in the first case (which now included the third case) terminating Mother's parent–child relationships with K.W., A.W., and C.B. The judgments also terminated the children's legal relationships with their fathers, but the fathers have not appealed.

Mother timely appealed. She listed all three trial-court case numbers on her notice of appeal, and we docketed three separate appeals. She then filed three appellant's briefs—one relating to K.W. and A.W. (the first appeal, no. 05-22-00053-CV), one relating to A.H. (the second appeal, no. 05-22-00054-CV), and one relating to C.B. (the third appeal, no. 05-22-00055-CV). We subsequently

–4–

consolidated the third appeal into the first appeal because those two appeals attacked the same trial-court judgment.

## II. Issues Presented and Standard of Review

Mother raises a single issue in each of her three appellant's briefs—whether the trial court's judgment is void because the court's jurisdiction was not properly extended pursuant to the Family Code and the supreme court's COVID-19 emergency orders.

Mother's arguments raise only questions of law, which we decide de novo. *See Hoff v. Nueces Cty.*, 153 S.W.3d 45, 48 (Tex. 2004) (per curiam).

## III. Analysis

### A. Jurisdiction in the first and second cases

Although Mother's rights as to K.W. and A.W. were terminated in the first case and her rights as to A.H. were terminated in the second case, the relevant facts overlap, and Mother's arguments are identical as to both cases. Accordingly, we conduct only one analysis.

#### 1. The Original Jurisdictional Deadline

Family Code § 263.401 supplies the jurisdictional rule Mother relies on:

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of

the child is terminated and the suit is automatically dismissed without a court order.

TEX. FAM. CODE ANN. § 263.401(a).

On November 5, 2018, the Department filed original pleadings seeking to terminate Mother's rights as to K.W., A.W., and A.H. That same day, the trial court appointed the Department temporary managing conservator of the children. Thus, the trial court's § 263.401(a) deadline to commence trial or grant an extension in the first and second cases was Monday, November 11, 2019.

## 2. The First Extension Order

On October 15, 2019, the trial judge signed a single § 263.401(b) order extending the first and second cases' jurisdictional deadline to May 8, 2020—179 days after the original § 263.401(a) deadline. The order contained the necessary findings that extraordinary circumstances necessitated the children's remaining in the Department's temporary managing conservatorship and that continuing the Department's appointment as temporary managing conservator was in the children's best interest. The order did not set the cases for trial but instead recited, "The Court schedules trial for TBD/Jury . . . ."

Mother's briefing about the October 15, 2019 extension order is inconsistent. She argues that the order failed to comply with § 263.401(b)(3) because it did not set the cases for trial on the merits by the stated dismissal deadline of May 8, 2020. But she does not expressly assert that the alleged defect caused the trial court to lose jurisdiction over the cases. And later in her briefs she says that the initial

–6–

§ 263.401(a) deadline was "properly extended" to May 8, 2020, pursuant to § 263.401.

Assuming that Mother means to challenge the trial court's jurisdiction because the October 15, 2019 extension order does not specify a trial date, and assuming without deciding that the omission is a defect, we conclude that any defect is not jurisdictional. The Texas Supreme Court recently said as much: "[W]hile a trial court's failure to timely extend the automatic dismissal date before that date passes . . . is jurisdictional, claimed defects relating to the other requirements of [§] 263.401(b) are not." *In re G.X.H.*, 627 S.W.3d 288, 301 (Tex. 2021). Thus, any noncompliance with § 263.401(b)(3) did not create a jurisdictional defect.

We conclude that trial court's October 15, 2019 order extending its jurisdiction to May 8, 2020, was effective.

### 3. The COVID Extension Orders

On April 20, 2020, the trial court issued an order purporting to extend its jurisdiction in the first two cases pursuant to the supreme court's first COVID-19 emergency order. Mother argues that this order was defective and therefore did not extend the trial court's jurisdiction beyond May 8, 2020.

However, we need not address the merits of Mother's argument because we conclude that the trial court retained jurisdiction over this case even if Mother is correct that the April 20, 2020 extension order was ineffective. The jurisdictional deadlines set forth in § 263.401 apply only to the court's jurisdiction over a suit

–7–

affecting the parent–child relationship filed by the Department that requests termination of the parent–child relationship or requests that the Department be named conservator of the child. *See* FAM. § 263.401(a). There are no similar restrictions on the court's jurisdiction over a termination suit brought by a party other than the Department. *See In re C.D.*, No. 05-21-00768-CV, 2022 WL 484559, at *2 (Tex. App.—Dallas Feb. 17, 2022, orig. proceeding) (mem. op.); *In re L.D.R.*, No. 05-21-00369-CV, 2021 WL 5104376, at *3 (Tex. App.—Dallas Nov. 3, 2021, no pet.) (mem. op.).

As discussed in the previous section of this opinion, the trial court successfully invoked § 263.401(b) and extended its jurisdiction to May 8, 2020, in the first two cases. On April 13, 2020, the children's guardian ad litem filed a counterpetition in the first case seeking to terminate Mother's parent–child relationships with K.W. and A.W. And on April 27, 2020, the guardian ad litem filed a counterpetition in the second case seeking to terminate Mother's parent–child relationship with A.H.[1] Nothing in the record indicates that the trial court ever lost jurisdiction to rule on those counterpetitions, which are not governed by § 263.401(a). Thus, Mother's

---

[1] Although this counterpetition was not signed by the guardian ad litem, who was also the children's attorney ad litem and whose name and bar number were listed below the signature line, the absence of a signature was a formal defect that did not deprive the counterpetition of legal effect. *See W.C. Turnbow Petroleum Corp. v. Fulton*, 194 S.W.2d 256, 257 (Tex. 1946) ("[I]t has often been held that the signature to a pleading is a formal requisite and that failure to comply with the requirement is not fatal to the pleading."); *In re Brown*, No. 07-98-0261-CV, 1998 WL 461823, at *1–2 & n.1 (Tex. App.—Amarillo Aug. 10, 1998, orig. proceeding) (per curiam) (not designated for publication) (in family-law case, unsigned motion to modify was not a "nullity," and trial court erred by relying on missing signature as reason to deny movant's concurrent motion to transfer venue).

–8–

argument that the trial court lost jurisdiction to terminate her parental relationships with K.W., A.W., and A.H. based on a defect in the April 20, 2020 extension order is without merit. *See In re C.D.*, 2022 WL 484559, at \*2; *In re L.D.R.*, 2021 WL 5104376, at \*3.

## B.    Jurisdiction in the third case

The relevant dates are different for the case regarding C.B., but the analysis and outcome are the same.

The trial court granted the Department temporary managing conservatorship of C.B. on January 30, 2019, so the one-year dismissal date under § 263.401 was February 3, 2020. On January 29, 2020, the trial court signed a § 263.401(b) order extending its jurisdiction to July 31, 2020. Mother concedes that this extension was proper.

On March 18, 2020, C.B.'s foster parents filed a petition in intervention seeking to terminate Mother's parental rights as to C.B. Additionally, on April 27, 2020, C.B.'s guardian ad litem filed a counterpetition seeking to terminate Mother's parental rights as to C.B.[2]

Next, the trial court issued an order on March 18, 2021, purporting to extend the dismissal date from July 31, 2020, to September 1, 2021, pursuant to the Texas

---

[2] The counterpetition was unsigned, but this formal defect is not significant. *See* note 1 *supra*.

Supreme Court's March 5, 2021 Thirty-Sixth Emergency Order Regarding the COVID-19 State of Disaster.

Mother argues that the trial court lost jurisdiction on July 31, 2020, pursuant to § 263.401 because the trial court did not act to further extend its jurisdiction until March 2021. However, before July 31, 2020, the foster parents and the guardian ad litem separately filed pleadings seeking to terminate Mother's parental rights as to C.B. The trial court possessed jurisdiction to rule on those requests, and nothing in the record indicates that this jurisdiction was ever lost. Accordingly, Mother's jurisdictional challenge fails. *See* FAM. § 263.401(a); *In re C.D.*, 2022 WL 484559, at *2; *In re L.D.R.*, 2021 WL 5104376, at *3.

## IV.   Conclusion

The trial court had jurisdiction to render the judgments terminating Mother's parental rights as to K.W., A.W., A.H., and C.B. We overrule Mother's issues in these appeals and affirm the trial court's judgments.

/Dennise Garcia//

DENNISE GARCIA
220053f.p05                              JUSTICE

220054f.p05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF A.W., K.W., AND C.B., CHILDREN

No. 05-22-00053-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-16-18501. Opinion delivered by Justice Garcia. Justices Myers and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of June 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF A.H., A
CHILD

No. 05-22-00054-CV

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-18-22246.
Opinion delivered by Justice Garcia.
Justices Myers and Molberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of June 2022.