**Affirmed as Modified and Opinion and Dissenting Opinion filed August 2, 2022.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-21-00123-CV

## OLUWATOSIN L. AJAO, M.D., Appellant

## V.

## ALLISON TURNER HALL, Appellee

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 104488-CV**

# O P I N I O N

In a medical-negligence case, defendant physician Oluwatosin L. Ajao moved unsuccessfully to dismiss plaintiff Allison Turner Hall's claims on the ground that Hall failed to serve Ajao with an expert report before the statutory deadline. Although the trial court had granted Hall's motion to modify the deadline pursuant to certain of the Supreme Court of Texas's Emergency Orders Regarding the COVID-19 State of Disaster, Ajao brings two issues on interlocutory appeal arguing that the trial court abused its discretion in granting the motion to modify the

deadline—and thus, in denying Ajao's motion to dismiss—because Hall failed to show that a "disaster-caused delay" necessitated the extension. We overrule the issues presented, modify the order denying the motion to dismiss to reflect that it was signed on February 8, 2021, rather than February 8, 2020, and with this modification, we affirm the challenged orders.

## I.

A claimant asserting a health care liability claim against a physician ordinarily must serve on the physician an expert report not later than the 120th day after the physician files an original answer. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). The expert report is to provide a fair summary of the expert's opinion regarding the applicable standards of care, the manner in which the care rendered by the defendant physician failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. *See id.* § 74.351(r)(6). If the claimant fails to serve the defendant physician with an expert report within the allotted time, the trial court must, on the defendant's motion, dismiss the claim against the physician with prejudice and award the physician her reasonable attorney's fees and costs of court. *See id.* § 74.351(b).

These deadlines ordinarily would govern Hall's medical-negligence claims against Ajao. Ajao filed her original answer on December 9, 2019, so under the statute, the 120-day deadline for Hall to serve Ajao with an expert report fell on April 7, 2020. That date, however, did not fall within ordinary times.

On March 13, 2020, Governor Abbott declared a state of disaster throughout Texas due to the "imminent threat" posed by the novel coronavirus COVID-19.[1]

---

[1] *See* Governor of the State of Tex., Proclamation No. 41-3720, 45 Tex. Reg. 2094, 2095 (2020); *see also* Texas Disaster Act of 1975, TEX. GOV'T CODE § 418.014.

That same day, the Supreme Court of Texas issued the First Emergency Order Regarding the COVID-19 State of Disaster (hereinafter, First Emergency Order). Paragraph 2(a) of the First Emergency Order provided as follows:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . [m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted . . . .[2]

With amendments inapplicable here, this language was carried forward in the Twelfth Emergency Order,[3] which renewed the First Emergency Order. The Seventeenth Emergency Order renewed and amended the pertinent parts of the Twelfth Emergency Order as follows:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020 . . . .[4]

Subsequent emergency orders pushed the extension deadline back to later dates, ultimately allowing a district court in a case such as this to modify case deadlines to expire as late as October 1, 2021.[5]

---

[2]    596 S.W.3d 265 (Tex. 2020 & Tex. Crim. App. Mar. 13, 2020); *see* TEX. GOV'T CODE § 22.0035(b) ("Notwithstanding any other statute, the supreme court may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor. An order under this section may not extend for more than 90 days from the date the order was signed unless renewed by the chief justice of the supreme court.").

[3]    629 S.W.3d 144 (Tex. Apr. 27, 2020).

[4]    609 S.W.3d 119 (Tex. May 26, 2020).

[5]    *See* Eighteenth Emergency Order, 609 S.W.3d 122 (Tex. June 29, 2020); Twenty-Second Emergency Order, 609 S.W.3d 128 (Tex. Aug. 6, 2020); Twenty-Sixth Emergency Order, 609

## II.

Before the statutory deadline, Hall moved for an extension pursuant to the Emergency Orders. She filed a first amended motion before serving the expert report on September 4, 2020. In response, Ajao objected to the requested extension on the ground that Hall had "failed to provide any evidentiary support showing that the risk of COVID-19 is the reason for the delay." Ajao then moved to dismiss Hall's claims on the ground that Hall had not served the expert report within 120 days of Ajao's original answer. Hall responded to the motion to dismiss and filed a second amended to motion to modify the expert-report deadline. To both, Hall attached the unsworn declaration of her attorney Charles D. Marshall. Marshall stated that before the statutory deadline, he contacted three physicians as potential expert witnesses to author the expert report. One of the physicians was unable to assist for unstated reasons, and two stated that they were unavailable due to circumstances related to the COVID-19 pandemic. Marshall further declared that he contacted two physicians in June 2020, both of whom were unavailable at that time for unstated reasons. One of those two physicians later became available and wrote the expert report served on Ajao on September 4, 2020.

The trial court denied Ajao's motion to dismiss on February 8, 2021. [6] A few weeks later, the trial court signed an order on March 4, 2021, extending the expert-

S.W.3d 135 (Tex. Sept. 18, 2020); Twenty-Ninth Emergency Order, 629 S.W.3d 863 (Tex. Nov. 11, 2020); Thirty-Third Emergency Order, 629 S.W.3d 179 (Tex. Jan. 14, 2021); Thirty-Sixth Emergency Order, 629 S.W.3d 897 (Tex. Mar. 5, 2021); Thirty-Eighth Emergency Order, 629 S.W.3d 900 (Tex. May 26, 2021); and Fortieth Emergency Order, 629 S.W.3d 911 (Tex. July 19, 2021).

[6] Although the order granting the motion to dismiss is dated February 8, 2020, it is apparent that the intended date was 2021, for the motion to dismiss and proposed order were filed on September 16, 2020, and the proposed order was file-stamped "Filed for Record" at 1:28 p.m. on September 16, 2020, by deputy district clerk Sunnye Wingo. That proposed order contained blanks for the day and month of signature, but the year "2020" was preprinted. The order the trial court signed contains the identical file stamp, which is crossed out. The trial court made handwritten

4

report deadline to and including September 4, 2020, that is, the date Hall actually served the expert report.

## III.

On appeal, Ajao argues that the trial court was required to grant her motion to dismiss because Hall failed to serve the expert report before the expiration of the statutory deadline. Although Hall served the report within the deadline as modified by the trial court, Ajao maintains that the trial court erred in extending the deadline, and thus, the statutory deadline applies.

Ajao's arguments require us to review the trial court's ruling on the motion to dismiss. We review the denial of a motion to dismiss a health care liability claim for abuse of discretion. *See Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). The court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

---

alterations to the proposed order, filled in the blanks showing that it was signed on the 8th day of February, and signed the order without changing the year. The signed order was then filed, and a new file-stamp shows that it was filed in the clerk's office at 8:55 a.m. on February 9, 2021. Given the obvious nature of the clerical error, we consider the order to have been signed on February 8, 2021. *See, e.g.*, *Houston Laureate Assocs., Ltd. v. Russell*, 504 S.W.3d 550, 568 & n.10 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (construing an injunction restraining a party from seeking indemnity "for attorney's fees and court *courts*" to apply to attorney's fees and court *costs*) (emphasis added); *Dorsett v. Hispanic Hous. & Educ. Corp.*, 389 S.W.3d 609, 611 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining that a certificate of service stating that a response to a motion was filed before the motion itself was filed "was obviously a clerical error").

"[A]n appellate court, on its own motion, can reform the judgment to make the record speak the truth. In fact, it has a duty to do so, and such duty is not dependent upon a request by either party . . . ." *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd); *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting *Asberry*'s reasoning); *In re J.A.*, No. 04-20-00242-CV, 2020 WL 5027663, at *3 (Tex. App.—San Antonio Aug. 26, 2020, no pet.) (applying that reasoning in a civil case). We accordingly exercise our authority "to make the record speak the truth," by modifying the trial court's order to change the date of signature from February 8, 2020, to February 8, 2021.

Because the denial of Ajao's motion to dismiss is based on the trial court's extension of the expert-report deadline, our review necessarily encompasses that ruling as well.[7] The same abuse-of-discretion standard applies to our review of a trial court's decision to extend case deadlines under the Emergency Orders. *See, e.g.*, *Neurological Assocs. of San Antonio, P.A. v. Torres*, No. 04-21-00120-CV, 2022 WL 1559101, at *2 (Tex. App.—San Antonio May 18, 2022, no pet. h.) (mem. op.); *Floeck v. Crescent Continuing Care Ctr. Co.*, No. 14-21-00101-CV, 2022 WL 1463767, at *4 (Tex. App.—Houston [14th Dist.] May 10, 2022, no pet. h.) (mem. op.). Our review of the trial court's extension of the expert-report deadline also requires us to construe the applicable provisions of the Emergency Orders. The construction and effect of a court order are questions of law, which we determine de novo based on the order's plain language. *Clay Expl., Inc. v. Santa Rosa Operating, LLC*, 442 S.W.3d 795, 798 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

**IV.**

Ajao argues that to obtain a deadline extension under the Emergency Orders, a party "must present evidence of the disaster's impact on the party's ability to meet a deadline," that is, that there is a "disaster-caused delay" in a party's ability to meet the deadline. In support of this position, Ajao cites cases in which a medical-negligence claimant argued that a time period should have been extended in the

---

[7] The denial of a motion to dismiss for failure to timely serve an expert report is subject to an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9) (person may appeal from interlocutory order that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section74.351"). Although the modification of the expert-report deadline pursuant to the Emergency Orders is not "an extension under Section 74.351," there is no authority making an emergency modification ruling independently appealable. Here, however, the question of whether the trial court abused its discretion in denying Ajao's motion to dismiss turns on whether the trial court abused its discretion in granting Hall's motion to modify the deadline. On these facts, our review of modification ruling falls within the scope of the statutorily authorized appeal of the order denying Ajao's motion to dismiss.

aftermath of Hurricane Harvey or Hurricane Rita. *See Franklin v. Longview Med. Ctr., L.P.*, No. 12-18-00198-CV, 2019 WL 2459020, at *3–4 (Tex. App.—Tyler June 5, 2019, pet. denied) (mem. op.) (Hurricane Harvey); *Pollard v. Walgreen, Co.*, No. 09-06-447-CV, 2007 WL 2493489, at *1–2 (Tex. App.—Beaumont Sept. 6, 2007, pet. denied) (mem. op.) (Hurricane Rita). The identical argument relying on these same two cases was rejected by our sister court, noting that the emergency orders issued by the Supreme Court of Texas after Hurricanes Harvey and Rita "are notably different" from the terms of the Emergency Orders concerning the COVID-19 pandemic. *See Kim v. Ramos*, 632 S.W.3d 258, 270–71 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

The *Franklin* case dealt with an emergency order in response to Hurricane Harvey, and that order provided that "all courts in Texas should *consider disaster-caused delays as good cause* for modifying or suspending all deadlines and procedures." *Franklin*, 2019 WL 2459020, at *3–4.[8] Although Ajao argues that the same standard applies in this case, the Emergency Orders at issue here contain no such language.

In *Pollard*, the claimant argued that "the trial court abused its discretion by not enlarging the time for filing the expert report following Hurricane Rita." *Pollard*, 2007 WL 2493489, at *1. Although the *Pollard* court stated there was no evidence "that the hurricane-related displacement of the attorney or the pharmacist who

---

[8] The *Franklin* court was quoting the Emergency Order Authorizing Modification and Suspension of Court Procedures in Proceedings Affected by Disaster, Misc. Docket Nos. 17-9091 & 17-010, 80 TEX. B.J. 600 (Tex. & Tex. Crim. App. Aug. 28, 2017) (emphasis added), *available at* https://www.txcourts.gov/media/1438759/179091.pdf. The court in that case concluded that there was good cause for the claimant's delay in serving the defendant during a twelve-day period beginning with the closure of claimant's counsel's office and ending when the claimant was able to resume efforts to contact the process server. *Franklin*, 2019 WL 2459020, at *5.

provided the expert report was the reason for the delay,"[9] the court identified no authority that would have allowed an extension of the expert-report deadline if such evidence had been presented. Even if the *Pollard* court had relied on the emergency order issued by the Texas Supreme Court in the wake of Hurricane Rita, that order contained different language from the Emergency Orders relating to the COVID-19 pandemic. *See Kim*, 632 S.W.3d at 271.[10]

We agree with the First Court of Appeals' holding that we must construe the COVID-19 Emergency Orders according to their plain terms, and those terms authorize a trial court to modify an expert-report deadline "[s]ubject *only* to constitutional limitations."[11] The Emergency Orders do not condition a deadline extension on evidence that COVID-19 affected the claimant's ability to meet the initial expert-report deadline.

---

[9]     *Pollard*, 2007 WL 2493489, at *2.

[10]    The court in *Kim* seems to have inferred that the *Pollard* court's analysis relied upon the post-Rita Emergency Order on Enlargement of Time, in which the Supreme Court of Texas stated,

> [Certain hurricane-related circumstances constitute] "good cause" for enlarging the time for filing any document within the meaning of Rule 5 of the Texas Rules of Civil Procedure and any other provisions of the Rules of Civil Procedure and the Rules of Appellate Procedure that permit an enlargement of time on a showing of good cause, or a similar showing.

Misc. Docket No. 05-9168, 68 TEX. B.J. 951, 951 (Tex. Sept. 26, 2005) (per curiam), *available at* https://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/05/05916800.pdf. Although this emergency order enlarges the time for "filing" documents, there is no time period for filing expert reports in medical-negligence cases. Then as now, expert reports were required only to be served. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 TEX. GEN. LAWS 1590, 1590. Moreover, the deadline to serve an initial expert report is statutory, and the rules of civil and appellate procedure do not authorize an extension of that deadline on a showing of good cause. Instead, the statute, then as now, authorized extension of the deadline "by written agreement of the affected parties," regardless of good cause. *See id.*

[11]    *See Kim*, 632 S.W.3d at 271.

Ajao additionally argues that Hall did not timely move for modification of the expert-report deadline. Ajao does not dispute that Hall filed her initial motion before the expert report was due; rather Ajao points out that Hall did not set a hearing for her original or first amended motion to modify the deadline. Ajao also asserts that Hall assumed in each her original and first amended motions that deadline extensions were automatic, and that she did not seek relief from the court.

These arguments do not affect our analysis because Hall filed—and the trial court heard and granted—a *second* amended motion to modify the deadline. An amended motion supersedes and supplants the preceding motion. *See W. C. Turnbow Petroleum Corp. v. Fulton*, 145 Tex. 56, 64, 194 S.W.2d 256, 259 (1946); *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 364 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An amended motion also relates back to the date of the original motion. *See, e.g.*, *Clewis v. Safeco Ins. Co. of Am.*, No. 2-08-184-CV, 2009 WL 2414377, at *4 (Tex. App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op.); *Ex parte Bregenzer*, 802 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] Jan. 17, 1991, orig. proceeding). Thus, Hall's second amended motion to modify the expert-report deadline replaced her original motion and is considered filed as of April 3, 2020—before the expert report was due.[12]

**VI.**

We conclude that the trial court did not abuse its discretion in granting Hall's motion to extend the expert-report deadline or in denying Ajao's motion to dismiss. There is, however, a scrivener's error in the date of the ruling denying the motion to

---

[12] Because Hall in fact requested an extension before the expert-report deadline, this case does not present a question of whether she was required to do so, and we express no opinion on that subject.

9

dismiss. We accordingly modify the date of the order denying the motion to dismiss to reflect that it was signed on February 8, 2021, rather than on February 8, 2020. We overrule the issues presented affirm the challenged orders as modified.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain (Spain, J., dissenting).